Filed Nov. 11, 1891.

---

### No. 315.

## COLE v. THE BOARD OF COMMISSIONERS OF HARRISON COUNTY.

COUNTY COMMISSIONERS.—*Pleading Before.—Repairing Bridge Over Boundary Stream.*—A claim against a county for repairing a bridge built over a stream forming a boundary line of the county, in the form of an account, stating that it was for work performed on, and material furnished for, a designated bridge, and the amount yet due, accompanied by the written acknowledgment of the amount due, given by the superintendent of the county in charge of the repairing, is a sufficient statement of claim before the board of county commissioners.

SAME.—*Conclusiveness of Superintendent's Statement.*—The statement of such agent is not conclusive upon the county as to the amonnt due, and it may be controverted.

From the Harrison Circuit Court.

*N. R. Peckinpaugh* and *H. C. Hays,* for appellant.

*M. W. Funk,* for appellee.

ROBINSON, J.—The appellant filed with the auditor of Harrison county the following claim against the appellee, to wit:

" *Harrison County, Indiana, to David Cole, Dr.*

" To amount of principal due for work and material, etc., on Blue River Bridge as per attached written due bill of B. P. Douglass, superintendent, - - - - - - $184 48

Interest accrued on same to this date, - - 71 78

" Total, - - - - - $256 26

" State of Indiana, Crawford county, ss.:

" I, David Cole, being duly sworn, upon my oath, say that the claim as above set forth is justly owing me by Harrison county; that the same, or any part thereof, has never been allowed to me heretofore, as I verily believe.

" DAVID COLE.

" Subscribed and sworn to before me this the fifth day of September, 1889.

" JOHN H. WEATHERS, Notary Public.

" Crawford county, Indiana."

The instrument executed by B. P. Douglass, attached, reads as follows, to wit:

" CORYDON, IND., March 11, 1873.

" *Harrison County to David Cole, Dr.*

" To balance due on work and materials, boarding, and advanced for repairs, on Blue River Bridge, $427.

" The above amount to be paid by me as superintendent of repairs on behalf of Harrison county, as finally adjusted

with James G. Froman and myself, and being all that is due from Harrison county on said repairs, with ten per cent. per annum interest till paid.

"B. P. Douglass, Supt. Harrison County."

Numerous payments were endorsed thereon, the last of which was on December 27, 1887. After the filing of said claim there were such proceedings at a regular session of the board of commissioners of Harrison county that said commissioners ordered said claim rejected, and not allowed, from which order appellant took an appeal to the circuit court. In the circuit court a demurrer was sustained to the claim for want of facts, and exception taken. Appellant then filed a further and additional paragraph of complaint, in which it was alleged that on the 14th day of October, 1872, at a joint session of the boards of commissioners of the counties of Harrison and Crawford, then being duly held, the repairing and rebuilding of a certain bridge then spanning Big Blue River at a point known as Cole's Ferry, were duly ordered to be made, and done, which said river then formed the boundary line between said counties of Harrison and Crawford; and it was further ordered by said boards in joint session, as aforesaid, that an appropriation of two thousand dollars be made to defray the further expenses of repairing said Blue River Bridge, to be allowed and paid by the respective counties in the following proportions, to wit: Harrison county the sum of fifteen hundred dollars, or three-fourths ($\frac{3}{4}$) of whatever said expenses may be; Crawford county the sum of five hundred dollars, or one-fourth ($\frac{1}{4}$) part of whatever the expenses may be. It was further ordered in such joint session that the said counties be authorized to issue county orders, in their respective counties, to any employees upon said bridge, upon the demand and order of the superintendents herein appointed to superintend the repairs and rebuilding of said bridge, to any amount not to exceed the due proportion due from his said county.

It was further ordered that Benjamin P. Douglass and

James Froman be appointed superintendents to superintend the repairs and rebuilding of said bridge, and to employ all the necessary labor, oversee the same, and in all things to have immediate control over and direction of said work; that said order so made as aforesaid was duly entered of record in Commissioners' Record H, at pages 406 and 407.

Appellant further avers that under and by virtue of said order so made by said board of commissioners in joint session as aforesaid said superintendents, while repairing and rebuilding said bridge, contracted with the appellant for work, material, boarding, etc., necessary for the repairing and building thereof; that, upon the completion of the repairs and building of said bridge, on the 11th day of March, 1873, at a settlement and an adjustment made by said superintendents, as between said counties of Harrison and Crawford, and between said counties and the appellant, it was there found that there was due the appellant from Harrison county on account of such labor, material, board, etc., the sum of four hundred and twenty-seven dollars; that thereupon the said Benjamin P. Douglass, as such superintendent, on behalf of said Harrison county, and by virtue of his authority as such superintendent, duly conferred by statute and by the terms and directions of the order of appointment as aforesaid, duly made and executed to appellant a certain due bill and written acknowledgment of said indebtedness, a copy of which is filed herewith marked "Exhibit A," made a part hereof, and is in the words and figures following, to wit:

"CORYDON, IND., March 11th, 1873.
"Harrison County to Daniel Cole, Dr.

"To balance due on work and materials, boarding and advances for repairs on Blue River Bridge, $427.

"The above amount to be paid by me as superintendent of repairs on behalf of Harrison county, as finally adjusted with James G. Froman, and being all that is due from Har-

rison county on said repairs, with ten per cent. per annum interest till paid.

(Signed) ".B. P. DOUGLASS,
" Supt. Harrison County."

The payments, as endorsed thereon, are set out, and then it is alleged that the appellee became, was and is indebted to appellant for the amount due thereon, together with interest thereon accrued, to wit, the sum of two hundred and seventy-five dollars, which said sum is now due and remains wholly unpaid. Wherefore, etc.

A demurrer for want of facts was also sustained to this paragraph of the complaint, and exception taken.

The rulings of the court in sustaining the demurrer to the original complaint or claim, and in sustaining the demurrer to the additional paragraph of the complaint, are separately assigned as error.

The question thus presented is, does the claim as originally filed or the additional paragraph of the complaint state facts sufficient to constitute a cause of action against the appellee.

Section 2880, R. S. 1881, provides that " Whenever public convenience shall require the erection or repair of any bridge across any stream forming the boundary line between two counties within this State, upon application therefor to the board of county commissioners of either county, such board of county commissioners may, if they think it expedient, declare their willingness to aid in the erection or repair of such bridge by resolution or order."

Section 2881 makes it the duty of said boards of county commissioners, while in joint session, to appoint one or more persons as superintendents, who shall have full control and supervision of the erection and repair of said bridge, subject, however, to such regulations as said boards of county commissioners may determine upon.

The boards of commissioners, in joint session, apportioned

the expense to be paid by each county in the repair of said bridge; authorized the issue of county orders, in the respective counties, to any employee upon said bridge, upon the demand and order of the superintendents appointed to superintend the repairs and rebuilding of said bridge, to any amount not to exceed the due proportion due from his said county, and also ordered that Benjamin P. Douglass and James Froman be appointed superintendents to superintend the repairs and rebuilding of said bridge, and to employ all the necessary labor, oversee the same, and in all things to have immediate control over, and direction of said work." Benjamin P. Douglass, who was presumably the superintendent for Harrison county, executed to the appellant the instrument set out in the complaint, showing the amount due him from Harrison county on account of said work.

The appellant claims, as the action is based upon a statement of account, settlement and written acknowledgment of indebtedness executed by the superintendent appointed by said boards of commissioners, that under the sections of the statutes referred to, and the order of the boards of commissioners in joint session, the original claim filed and the additional paragraph of complaint were both sufficient, and that it was error to sustain the demurrer to them. The contention of the appellee is that the superintendent had no power to adjudicate claims and bind the county, nor could the board of commissioners delegate such power; that sections 5758 and 5759, R. S. 1881, provide as to the manner of filing and allowing claims against a county; that the power to pass upon the merits of claims against a county is conferred by the statute upon the board of commissioners, and that such judicial acts can not be delegated or assumed by any other authority; that the superintendent had the right to employ labor and superintend the construction of the bridge, and report his action to the board at the proper time; that the order set out in the additional paragraph of the complaint could not delegate to the superintendent the

power of adjudicating and allowing claims of those whom he had employed; that the claims should have been filed, their validity inquired into and passed upon by the board of commissioners; that the act of the superintendent in attempting to adjudicate the claim could not bind the county.

Should we concede the positions assumed by the appellee, would not the conclusion follow that the claim as originally filed and the additional paragraph of the complaint constitute a sufficient claim or cause of action against the appellee, without invading the authority of the board of commissioners under the statute, or binding the county by the settlement with the superintendent?

Section 2881, *supra*, after making it the duty of said boards of commissioners in joint session to appoint one or more superintendents, etc., provides that such superintendents shall be " subject, however, to such regulations as such boards of commissioners may determine upon."

The order at the joint session of said board of commissioners appointing said superintendents gave them power " to employ all the necessary labor, oversee the same, and in all things to have immediate control and direction of said work."

The instrument denominated a due bill, executed by B. P. Douglass, superintendent of Harrison county, purports to be a statement of the account of the appellee against Harrison county for the balance due thereon, to be paid by said Douglass as superintendent of Harrison county, as finally adjusted with James G. Froman, who was the other superintendent, and being all that was due from Harrison county on said repairs, etc.

The force and effect of this instrument amounted to nothing more than the written acknowledgment of the superintendent that there was a balance due the appellant from Harrison county for work and materials, boarding and advances for repairs on Blue River Bridge of $427. Its execution by the superintendent did not bind the county or

preclude defence thereto. For such balance as appellant claimed due him on the account he clearly had the right to file it against the county for allowance under section 5758, *supra*, and did so file it, and we think under the rules governing boards of commissioners, the statement of the claim was sufficient, and that the additional paragraph of complaint stated facts sufficient to constitute a cause of action against the appellee ; that the court, therefore, erred in its rulings in sustaining the demurrer to the claim as originally filed, and in sustaining the demurrer to the additional paragraph of the complaint.

The cause is reversed, at appellee's costs, with instruction to overrule each demurrer, and for further proceedings in accordance with this opinion.

Filed Oct. 30, 1891.