Filed Jan. 5, 1894.

---

### No. 826.

## THE BOARD OF COMMISSIONERS OF HARRISON COUNTY *v.* COLE.

PLEADING.—*Reply.*—*General Averment.*—*Statute of Limitations.*—To an answer setting up the six years' statute of limitations, a reply, in general terms, that defendant has made payments on the claim within six years, is sufficient without pleading the particulars.

APPELLATE COURT.—*Decision of.*—*Law of Case.*—A decision of the Appellate Court in a case remains the law of the case throughout all its subsequent stages.

From the Harrison Circuit Court.

*M. W. Funk*, for appellant.

*H. C. Hays* and *J. H. Weathers*, for appellee.

DAVIS, C. J.—This case is here for the second time. *Cole* v. *Board of Commissioners of Harrison County*, 3 Ind. App. 13.

On return of the case to the lower court, appellant filed answer in four paragraphs: First. General denial. Second. Payment. Third. The statute of limitations:

that the cause of action did not accrue within six years before the filing of the claim.    Fourth. That Cole accepted the individual obligation of Douglass in discharge of the debt, and that appellant, with full knowledge and consent of appellee, fully paid said Douglass.

Appellee replied in two paragraphs:    First. A general denial.    Second. That appellant, within six years prior to filing thereof, made payments thereon.

On the trial, after deducting credits and allowing interest at six per cent., the court rendered judgment in favor of appellee for sixty-one dollars and ninety-three cents.

The errors assigned are:

1.    That the court erred in overruling the demurrer to second paragraph of reply to third paragraph of the answer.

2.    That the court erred in overruling appellant's motion for a new trial.

It is urged that the reply was insufficient because it was not stated therein that the payments had been made pursuant to allowances made under the statute.    It was not necessary to plead the particulars as to how or when the payments were made.    The general averment that appellant had made such payment on the claim within six years, was sufficient to constitute a good reply, as against the demurrer, to the answer pleading the six years' statute of limitations.

The motion for a new trial should have been sustained. On the former appeal this court held that the instrument executed by Douglass amounted to nothing more than the written acknowledgment of the superintendent that there was a balance due appellee, and that such acknowledgment was not binding on the county. That decision, under the familiar rule so often stated that its repetition

The Board of Commissioners of Harrison County v. Cole.

is hardly necessary, remains the law of this case through-out all subsequent stages.

The evidence on the trial was in some respects con-flicting, but it is perfectly clear that the county had not paid anything on the claim within six years, or at any other time, but it does appear that Douglass, who was paid the full amount by the county, thereafter, from time to time, made payments on the debt to appellee, a part of which payments so made by him consisted of profes-sional services rendered by Douglass, as a lawyer, for appellee.

If, as held on the former appeal, the writing is to be treated simply as the statement of the amount of an ac-count, the right of action thereon was barred in six years, unless it was taken out of the operation of the statute of limitations by the alleged payment made thereon by appellant.  The payment by Douglass, in the way of the rendition of professional services by him for Cole, can not, under the circumstances, be construed as such payment by appellant as would take the case out of the statute.

In other words, there is no evidence in the record tending to show that appellant, within six years prior to the filing of the claim, paid anything thereon.

Conceding that as to all other questions in the case, appellee is entitled to the benefit and advantages of all presumptions which tend to support the conclusion reached by the trial court, and yet, for the reasons stated, there is nothing in the record, as we view the case, which tends to sustain the issue tendered by the second paragraph of the reply.

The judgment of the court below is reversed, at costs of appellee.

Filed Jan. 5, 1894.