## THE SCHOOL TOWN OF PRINCETON v. GEBHART.

**TOWN.**—*Common Schools.*—*Power of School Trustees to Contract.*—An incorporated town is a distinct municipal corporation for school purposes, and is bound, as such, for the contract price of materials furnished and labor performed by another, in the erection of a school building for such town, under a parol contract therefor, made with him by the school trustees of such town.

**SAME.**—*Pleading.*—*Demand.*—It is not necessary, in a complaint for an amount alleged to be due on contract, to aver a demand for payment.

**SAME.**—*Mechanic's Lien.*—*Action Against Owner.*—*Notice.*—*Limitation.*—A sub-contractor furnishing materials or performing labor in the erection of a building may, under section 649 of the practice act, give to the owner the notice required by such section, of his contractor's indebtedness, at any time while the owner is indebted to such contractor ; and an action to enforce his remedy under such section is not affected by the limitation of one year, prescribed in section 651 of such act.

**SAME.**—*Pleading.*—*Exhibit.*—Such notice is not the foundation of such action, and is not a necessary part of the complaint.

**SAME.**—*Demand.*—Demand for payment in such case, previous to commencing such action against the owner, need not be averred in the complaint.

**SAME.**—*Action Against School Town.*—*Pleading.*—In an action against an incorporated school town, to recover for materials furnished and labor performed by the plaintiff, in the course of the construction of a schoolhouse for such town, the complaint alleged, that, at the request of the school trustees and the contractor for such building, such material had been furnished and such labor performed, on the parol promise of such trustees to pay a certain price therefor, out of a certain amount due from them to such contractor.

*Held*, on demurrer, that the complaint is sufficient, and that it need not aver that such building had been accepted by the trustees, or that any thing was due from them to the contractor.

**SAME.**—*Mechanic's Lien.*—*Estoppel.*—*Agent.*—*Attorney.*—*Pleading.*—In an action by a sub-contractor, against an owner, under section 649 of the practice act, an answer by way of estoppel, that, after the service of the necessary notice, the plaintiff's agent and attorney had notified the defend-

ant, that the plaintiff had abandoned his rights thereunder, is insufficient on demurrer, where there is no averment that such agent had authority to give such notice of abandonment, or that the defendant was injured thereby.

PRACTICE.—*Pleading Struck Out.*—*Bill of Exceptions.*—*Supreme Court.*—A motion to strike out a paragraph of a pleading, and the action of the court thereon, must, to constitute part of the record on appeal to the Supreme Court, be embodied in a bill of exceptions.

SAME.—*Record.*—*Evidence.*—*New Trial.*—Where, on appeal to the Supreme Court, the evidence is not in the record, no question in relation thereto is presented, in considering the overruling of a motion for a new trial.

From the Vanderburgh Circuit Court.

*A. P. Twineham,* for appellant.

*J. M. Shackelford, W. M. Land* and *Ewing & McCullough,* for appellee.

Howk, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in a complaint of three paragraphs, in the Gibson Circuit Court.

The appellant demurred to each of the paragraphs of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrers were severally overruled, and to these decisions the appellant excepted.

The appellant answered in twelve paragraphs, of which the eleventh paragraph was struck out on appellee's motion, and his demurrers to the second, third, fourth, fifth, seventh, eighth, ninth, tenth and twelfth paragraphs of answer, for the want of sufficient facts therein to constitute defences to the action, were severally sustained, and to all these decisions the appellant excepted.

The first paragraph of the answer was a general denial, and to the sixth paragraph thereof the appellee replied by a general denial.

The venue of the action having been changed to the court below, the issues joined were there tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of one thousand one hundred and seventy-one dollars and ninety-five cents.

The appellant's motions for a new trial, and in arrest of judgment, were severally overruled, and its exceptions were duly saved to each of these decisions; and the court then rendered judgment on the verdict.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1. In overruling its demurrers to each of the paragraphs of the appellee's complaint;

2. In sustaining the appellee's demurrers to the second, third, fourth, fifth, seventh, eighth, ninth, tenth and twelfth paragraphs of the appellant's answer;

3. In striking out the eleventh paragraph of the answer;

4. In overruling its motion in arrest of judgment; and,

5. In overruling its motion for a new trial.

We will consider and decide the questions in this case, presented and discussed by the appellant's learned attorney in his brief in this court, in the same order in which he has presented them.

1. In the first paragraph of his complaint, the appellee alleged, in substance, that the appellant was indebted to the appellee in the sum of one thousand ninety-seven dollars and twenty-five cents, on account of three hundred and ninety-nine feet of cornice, including labor and material, furnished the appellant for a certain school-house belonging to the appellant; that said cornice, including the labor of putting it on, was furnished and sold to the appellant at and for the price of two dollars and seventy-five cents per foot; that it was furnished by the appellee to the appellant, at the special instance and request of the then school trustees of said town; and, for said cornice and labor so furnished, the appellant agreed to pay appellee the said sum; that the appellant, at the time said material and labor were so furnished, was, and since had been, duly and legally organized as a corporation for school purposes, under the laws of this State; that said amount became due on the 8th day of July,

1871; that there was then paid the appellee the sum of two hundred and twelve dollars and eighty cents; that the balance of said amount, to wit, eight hundred and eighty-four dollars and forty-five cents, although long since due, still remained unpaid; that the payment of said balance had been unreasonably withheld from the appellee; and that, for that reason, the appellant was indebted to the appellee in the further sum of three hundred dollars, as interest on said balance. Wherefore, etc.

In discussing the sufficiency of this first paragraph of the complaint, the appellant's counsel seems to have doubts of the corporate entity of the appellant, and of its power to make a valid and binding parol contract. The appellant is a municipal corporation "distinct" from the civil town of Princeton. *Wright* v. *Stockman*, 59 Ind. 65, and the authorities there cited.

In section 4 of "An act to provide for a general system of common schools," etc., approved March 6th, 1865, it is provided, as follows:

"Sec. 4. Each civil township and each incorporated town or city in the several counties of the State is hereby declared a distinct municipal corporation for school purposes, by the name and style of the civil township, town or city corporation, respectively, and by such name may contract and be contracted with, sue and be sued," etc. 1 R. S. 1876, p. 780.

Section 5 of the same act provides for the election, and term of office, of three trustees for such a school corporation as the appellant, etc.; and section 10 of the same act provides, that such trustees shall "provide suitable houses," etc., for the schools of such corporation. 1 R. S. 1876, p. 782.

Under these statutory provisions, it is clear we think, that the appellant is a corporation separate and distinct from the civil town of Princeton, clothed with full power to contract and be contracted with, and charged with the duty, among others, of building and providing suitable

school-houses. It was once the law, that a corporation could contract only by deed, under its corporate seal, but that is not the modern doctrine. The law is now well settled, that corporations are bound by their parol or implied contracts, *intra vires*, and in the discharge of the duties wherewith they are charged, to the same extent as natural persons. *Sheffield School Township* v. *Andress*, 56 Ind. 157.

It seems to us, that the appellant, in the transaction stated in the first paragraph of the complaint, acted within the scope of its corporate powers and in the discharge of duty; and that, having received the appellee's material and labor, it was bound by its contract to pay therefor the price agreed upon.

The appellant's attorney also makes the point, that the first paragraph of the complaint was defective and insufficient, because "it nowhere alleges, that a demand was made upon the defendant for payment, before suit was brought." It was alleged, that the amount of appellee's claim became due on July 8th, 1871, more than four years before this suit was brought. As a general rule, money due may be sued for without any previous demand therefor, and we know of no good reason, which would make a demand necessary in this case. In our opinion, no error was committed by the court, in overruling the appellant's demurrer to the first paragraph of the complaint.

The appellee alleged, in substance, in the second paragraph of his complaint, that, in the month of July, 1871, one Cunningham Allen was engaged in the erection and building of a large brick school-house for said town, on the Seminary lot, under a contract with, and the directions of, the school trustees of said town; that the appellee was employed by said Allen, as such contractor, to furnish material and labor, in the construction of said school-house, in making and putting on said school-house three hundred and ninety-nine feet of galvanized-iron cornice, at two dollars and seventy-five cents per foot, amounting

to one thousand ninety-seven dollars and twenty-five cents; that the appellee, in pursuance of said contract, furnished said material and labor, and constructed and finished said cornice, at said price, on the 8th day of July, 1871; that said Allen paid or caused to be paid to appellee thereon the sum of two hundred and twelve dollars and eighty cents, leaving unpaid the balance of eight hundred and eighty-four dollars and forty-five cents; that afterward, on October 30th, 1871, the appellee gave the board of trustees of said town of Princeton, and the school trustees, a notice in writing particularly setting forth therein the amount of his claim and services rendered, for which said Allen was indebted to him for the construction of said cornice on said building, and that he would hold said town for the payment of said sum of eight hundred and eighty-four dollars and forty-five cents, with interest thereon from July 8th, 1871, so owing to him by said Allen, for the work and material furnished by the appellee on said school-house, a copy of which notice was filed with said paragraph; that, at the time of giving said notice, there was owing to said Allen from the appellant, for work done and material furnished by said Allen, in the construction of said school-house, the sum of twelve hundred dollars; and that there were no other claims due from the appellant to said Allen or others, on account of said contract, having priority over the appellee's claim; that neither the said Allen nor the appellant had ever paid to the appellee the said sum of eight hundred and eighty-four dollars and forty-five cents, or any part thereof, but that the same was still wholly unpaid; and that the payment thereof had been unreasonably and vexatiously withheld; by reason whereof the appellant was indebted to the appellee in the further sum of three hundred dollars, as interest on said sum. Wherefore, etc.

This paragraph of the complaint was evidently founded upon the provisions of section 649 of the practice act, as

the same was amended by an act approved March 11th, 1867. 2 R. S. 1876, p. 267.

This section provides, that "Any sub-contractor, journeyman, or laborer employed in the construction or repair, or furnishing materials for any building, may give to the owner thereof," etc., "notice in writing, particularly setting forth the amount of his claim, and services rendered, for which his employer is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, but not to exceed the amount which may be due, and may thereafter become due, from him to the employer, which may be recovered in an action whenever an amount equal to such claim over other claims having priority shall be due from such owner to the employer; and any sub-contractor, by giving notice as above, setting forth the amount of labor or materials he has engaged to perform or furnish in the construction or repair of such building, shall have the same rights and remedies against said owner for the amount of labor or materials performed or furnished after said notice as are above secured and provided for those who serve notice after the work is performed or materials furnished," etc.

It is insisted by the appellant's counsel, as we understand his argument, that the second paragraph of appellee's complaint was insufficient on the demurrer thereto, because it was not alleged therein that the appellee had given written notice of his claim and intention to the appellant, "within sixty days after the completion" of said school-house, and because the appellee had not enforced his claim by action "within one year from the completion of the work." In other words, it is claimed by counsel, as we understand him, that the personal remedy given by said section 649 to a sub-contractor, against the owner of the building, is modified, controlled and qualified by the provisions of the succeeding sections,

which are expressly applicable to the proceeding *in rem* against the building. We do not so construe the statute. In our opinion, the sub-contractor, etc., may avail himself of the remedy in said section 649, by giving the written notice therein provided for, to the owner of the building, at any time while the latter is indebted to the contractor on account of such building; and an action to enforce such remedy will not be affected by the limitation of one year provided for in section 651 of the practice act. 2 R. S. 1876, p. 269; *Barker* v. *Buell*, 35 Ind. 297; *O'Halloran* v. *Leachey*, 39 Ind. 150; and *Colter* v. *Frese*, 45 Ind. 96.

The point is made by the appellant's counsel, that this second paragraph was bad on demurrer, because it failed to set out the written notice to the appellant therein mentioned, or a copy thereof. It appears, however, from the return of the clerk of the court below to a writ of *certiorari* issued in this cause, that a copy of said written notice had been filed with the second paragraph of the complaint, and that it had been omitted by an oversight from the record of the cause, in this court. Besides, it has been held by this court, in the recent case of *Irwin* v. *The City of Crawfordsville*, 58 Ind. 492, that, in such a case as this, the written notice is not the foundation of the action, and that, therefore, it was not necessary to set out a copy of such notice as a part of the complaint.

The appellant's counsel also object to the sufficiency of the second paragraph of the complaint, because it was not alleged therein that payment was demanded before suit was brought; but, in our opinion, such previous demand and the averment thereof were wholly unnecessary.

In the third paragraph of the complaint, it was alleged, as in the second paragraph, that in April, 1871, said Cunningham Allen was engaged in the erection and building of a brick school-house for the appellant, under a contract with the appellant; that, by the terms of said contract, the said Allen was to furnish and place upon said school-

house wooden cornice; that in April, 1871, the appellant and said Allen became and were desirous that galvanized-iron, instead of wooden, cornice should be furnished and placed on said building; that said Allen, and the appellant, by its board of school trustees, represented to the appellee, that the appellant was then largely indebted to said Allen, on his said contract, to wit, in a sum exceeding one thousand five hundred dollars; that, at the same time, the appellee, said Allen, and the appellant, by its board of trustees, made a parol agreement of the effect following, to wit: that the appellee should furnish and place upon said school-house galvanized-iron cornice, at and for the price of two dollars and seventy-five cents per foot; that the appellant should pay the appellee the said sum for the cornice furnished and placed upon said building; that the appellant should retain the sum, so to be paid to the appellee, out of the amount then owing from the appellant to said Allen upon said contract with him. That, in pursuance of said contract between the appellee and the appellant and said Allen, and in accordance with its terms, the appellee furnished and placed upon said school-house three hundred and ninety-nine feet of galvanized-iron cornice, by reason of which the appellant became and was indebted to the appellee in the sum of one thousand ninety-seven dollars and twenty-five cents; that, on the 8th day of July, 1871, the appellant paid, or caused to be paid, to the appellee, upon said indebtedness, the sum of two hundred and twelve dollars and eighty cents, leaving unpaid a balance of eight hundred and eighty-four dollars and forty-five cents; that the said balance still remained due and owing from the appellant to the appellee, since the 8th day of July, 1871; that the payment thereof had been unreasonably and vexatiously delayed, and for that reason the appellant was indebted to the appellee in the further sum of three hundred dollars, as interest thereon; and that, during all the time mentioned, the appellant had been and was a municipal

corporation for school purposes, duly and legally organized under the laws of this State. Wherefore, etc.

We fail to see any valid objection to this paragraph of the complaint. It is said by the appellant's counsel, that when the appellant had contracted with Allen for the building of the school-house, it exhausted its powers in the premises, and could not make the contract with the appellee described in this paragraph. No reason nor authority is given by counsel in support of this position, and we know of none. Under the law, the appellant had the power, and was charged with the duty, of building the school-house; and, to that end, its power to make contracts would certainly not be exhausted until the house was completed.

Appellant's attorney also objected to the sufficiency of this third paragraph, because it failed to show that the school-house had been received by the appellant, or that there was any thing due Allen from the appellant.

In our opinion, neither of these averments was necessary. The appellee did not sue in this paragraph as a sub-contractor; and, therefore, it was not material whether there was any thing due Allen from the appellant or not. The cause of action stated in this paragraph was founded upon an alleged agreement between the appellant and the appellee; and we fail to see how the appellee's right to recover was in any manner dependent on the receipt of the school-house by the appellant. The appellant's demurrer to the third paragraph of the complaint was properly overruled.

2. The second error assigned by the appellant is the sustaining of the appellee's demurrers to the second, third, fourth, fifth, seventh, eighth, ninth, tenth and twelfth paragraphs of its answer. These paragraphs are all in answer to the second paragraph of the complaint. Of all these paragraphs of answer, the appellant's counsel says, that they "are, to a certain extent, the same line of defence, viz., an estoppel on the part of the appellee to

avail himself of any rights he might have acquired under the notice served, as set up in the second paragraph of the complaint, on the ground that long after the service of the notice, the agent and attorney for the appellee notified the appellant that Gebhart had abandoned all intention of holding the appellant liable for the amount due him from Allen." Very little is said by the appellant's attorney, in his argument of this cause in this court, in defence of these paragraphs of answer, or either of them. It is unnecessary, we think, and would be unprofitable for us, to set out any of these paragraphs in this opinion, or to comment on them in detail. As pleas of estoppel, each of said paragraphs is radically defective, in these particulars: That it was not alleged therein that the agent and attorney of the appellee was authorized by him to notify the appellant, that he " had abandoned all intention of holding the appellant liable for the amount due him from Allen;" nor was it alleged therein, that the appellant was in any wise injured or endamaged by the acts or statements of the appellee or of his authorized agent. In none of these paragraphs was there sufficient certainty in the statement of the facts relied upon as an estoppel. "'Every estoppel, because it concludeth a man to allege the truth, must be certain to every intent, and not be taken by argument or inference.' Co. Lit. 352, b."*Fletcher* v. *Holmes*, 25 Ind. 458.

In our opinion, no error was committed by the court below in sustaining the appellee's demurrers to these paragraphs of answer.

3. The third error assigned by the appellant is the striking out of the eleventh paragraph of its answer. The appellee's motion to strike out this paragraph, and the decision of the court below sustaining said motion, were not made parts of the record by bill of exceptions. The error complained of, therefore, is not properly saved, and presents no question for our consideration.

4. The appellant's motion in arrest of judgment sim-

ply called in question the sufficiency of the appellee's complaint. We have said all that we desire to say on this subject, in considering the rulings of the court below on the appellant's demurrers to the different paragraphs of the complaint. In our opinion, the complaint was sufficient.

5. The evidence on the trial of this cause is not in the record, and therefore the alleged error of the court below, in overruling the appellant's motion for a new trial, presents no question for our decision. Besides, as the appellant's attorney has failed to discuss in this court any question presented by this error, it must be regarded as waived. This is now the settled practice of this court. *Breckenridge* v. *McAfee*, 54 Ind. 141; and *Graeter* v. *Williams*, 55 Ind. 461.

The judgment is affirmed, at the appellant's costs.