No. 12,298.

## OLVEY v. JACKSON.

PROMISSORY NOTES.— *Worthless, Action on not Necessary to Save Rights.*—A party is not required to try to collect worthless promissory notes in order to save his rights.

SAME.—*Collateral Security.— Tender.—Action Against Principal Debtor.*—It is not necessary to tender back promissory notes held as collateral security before proceeding against the principal debtor.

SAME.—*Representations that Notes are Good.*—The representation that promissory notes are good and made by solvent parties, is not a mere representation of quality, but is the statement of a fact.

SAME.—*Payment.—Burden of Proof.—Notes not Payable in Bank.*—Where it is alleged by a party that notes not payable in bank were accepted in satisfaction of a debt admitted to be due, he must affirmatively prove such fact.

CONTRACT.—*Demand.*—Where money is due the plaintiff on a contract, the suit constitutes a sufficient demand.

SAME.—*Compromise.—Fraud.—Consideration.*—A contract of compromise or settlement, procured by fraudulent representations, and without a valuable consideration, may be avoided.

STATUTE OF LIMITATIONS.—*Acknowledgment of Debt.*—A written acknowledgment of a debt, contained in an agreement of compromise, is sufficient to avoid the bar of the statute of limitations.

EVIDENCE.—*Papers Executed in Transaction.*—All papers executed in the course of a transaction are admissible in evidence in a suit growing out of such transaction.

SAME.—*Statements of One Party in Absence of Another.*—The statements of one party to a transaction, not made in the presence of another, are not binding on the latter.

SAME.—*Contract Value.— Evidence Aliunde.*—Where the value of land is fixed by contract, other evidence as to its value is not admissible, in the absence of a plea of want or failure of consideration.

SAME.—*Soundness of Mind.*—Evidence for the defence, that the plaintiff was of sound mind at the time of a certain transaction, is not admissible where no evidence has been offered by the plaintiff to show that he was of unsound mind.

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones,* for appellant.

*J. H. Mellett, J. L. Mason, I. P. Poulson* and *W. F. McBane,* for appellee.

ELLIOTT, J.—The second paragraph of the appellee's com-

plaint contains the allegations usually found in a complaint to enforce a vendor's lien, and contains in addition to such averments the following : That the appellee instituted suit to recover the money due her and to enforce her vendor's lien ; that after the suit was instituted the appellant agreed that if she would dismiss the suit he would pay her two hundred dollars; that he transferred to her, as part payment of the purchase-money of the real estate bought of her, divers promissory notes ; that he represented the notes to be good and solvent, and promised that if she failed to collect the notes he would pay her the residue of the purchase-money due her. It is also averred that the notes were utterly worthless.

The fact that the notes were worthless is a sufficient excuse for not endeavoring to collect them. A party is not required to do a vain and fruitless thing.

There was no necessity for a demand. Where money is due the plaintiff on a contract, the suit constitutes a sufficient demand. *School Town of Princeton* v. *Gebhart,* 61 Ind. 187 ; *Frazee* v. *McChord,* 1 Ind. 224 ; *Bradfield* v. *McCormick,* 3 Blackf. 161 ; *Ferguson* v. *State, ex rel.,* 90 Ind. 38.

The appellee was not bound to tender back the notes to the appellant before bringing this suit. Whatever may be the rule where the suit is to procure the rescission of a contract, no tender is required in such a case as the present. The notes were, under the contract, in effect nothing more than a collateral security for the promise of the appellant, and by accepting such a security the appellee did not lose her right to proceed against the principal debtor. It is well settled that a creditor may proceed against the principal debtor and upon the collateral securities at the same time, although there can, of course, be but one satisfaction. Colebrooke Collateral Securities, 146.

The fifth paragraph of the answer counts upon a written agreement compromising all differences between the parties and releasing the appellant from all claims and demands. To this answer the appellee replied, in substance, as follows:

That at the time she signed the instrument she was sick and incapable of transacting business; that she was unable to read a written instrument; that she did not read the one signed by her; that it was not read to her; that she had no friend present when it was signed; that the defendant represented to her that the instrument provided that he would then pay her two hundred dollars, and that if she failed to collect the notes therein described, and they proved to be worthless, he would pay her the remainder due her; that she relied upon such representations; that the notes when delivered to her were entirely worthless, and so remained, and that, with the exception of the sum of two hundred dollars, the amount due her for the purchase-money of the land conveyed to the defendant remains unpaid.

We regard this reply as sufficient. If the notes were worthless, the appellee received no consideration for the compromise, and the appellant practiced a fraud upon her in securing the written contract. We can not permit a litigant to be deprived of his rights under a contract procured by fraudulent representations, and for which no valuable consideration is yielded. The averment of the representation that the notes were executed by solvent persons, taken in connection with the other allegations of the reply, is sufficient to show that there was such a fraud as vitiated the contract of compromise. *McLean* v. *Equitable Life Assurance Society*, 100 Ind. 127 (50 Am. R. 779); *School Town of Monticello* v. *Grant*, 104 Ind. 168; *Fleig* v. *Sleet*, 1 N. E. Rep. 24.

The fourth paragraph of the appellant's answer admits the conveyance to him of the real estate described in the complaint, and alleges that in consideration of such agreement he conveyed to her certain real estate in the town of Greenfield, of the value of eight hundred dollars, and transferred to her divers promissory notes of the value of eight hundred dollars, and that she accepted the property and notes transferred in full satisfaction of her claim. To this paragraph of the answer the appellee replied, substantially, as follows: That she

admits the conveyance to her of the Greenfield property, but avers that it was not conveyed to her in part payment; that she refused to receive the same as part payment, and that she did agree to accept a conveyance of the property for the purpose of conveying it to Samuel A. Troy, and that the agreement was that she should take promissory notes, executed to him by divers persons, for the price of said property. It is also alleged that at the time she conveyed to appellant the real estate described in the complaint, the latter conveyed the Greenfield property to her, and she conveyed it to Troy, as a part of one and the same transaction; that she accepted the notes transferred to her in consideration of the appellant's promise and representation that all of said notes were valid, and executed by good and solvent persons; and it is further alleged that the defendant well knew that the notes were worthless.

The answer is ambiguous, but, whatever force be ascribed to it, we regard the reply as sufficient. If the answer is to be construed as affirming that the Greenfield property was accepted in payment, then the reply is good as an argumentative denial; if the answer is to be construed as pleading the acceptance of the notes as a payment, the reply is sufficient, because it shows that the notes were fraudulently represented to be good, when, in fact, they were worthless. The representation that promissory notes are good and made by solvent parties, is not a mere commendation of quality, but is the statement of a fact.

The appellant's counsel argue that the statute of limitations bars a recovery, because the evidence shows that the cause of action accrued in October, 1877, and that this action was not instituted until March 7th, 1884. The evidence shows, in addition to these facts, a written agreement acknowledging the debt, compromising all matters of dispute, and providing that the appellant should pay the appellee two hundred dollars in money and transfer to her notes of solvent

persons to the amount of eight hundred dollars. It still further appears in evidence that upon the faith of this agreement the appellee dismissed an action she had instituted against the appellant. We have no hesitation in holding that there was here such an acknowledgment of the debt as avoided the bar of the statute. Wood Limitation of Actions, 130.

The deed to Troy was properly admitted in evidence, for it was executed as a part of the same general transaction as that out of which this controversy arises. It is a familiar rule that all papers executed in the course of a transaction are admissible. The position of appellant's counsel upon this point can not be maintained.

We perceive no available error in admitting evidence of the value of the Greenfield property. The appellant himself brought the question of the value of the Greenfield property into the case by pleading that it was received by the appellee in exchange for her land. But, if this were not so, this testimony would have been proper as tending to support appellee's theory that she received the notes transferred to her upon the appellant's representation of the solvency of the makers; for it is fair to infer that she did not accept property in satisfaction of her debt of a much less value than the amount due her.

The statements of Troy not made in the presence of Mrs. Jackson could not bind her, and it was therefore proper to exclude evidence of such statements.

There was no error. in excluding testimony as to the value of the land bought by the appellant of the appellee, for that value was fixed by contract, and there was no plea of a want or failure of consideration.

No evidence was offered by the appellee tending to prove that Mrs. Jackson was of unsound mind, and it was therefore proper to exclude evidence offered by the appellant to prove that she was of sound mind.

We decline to disturb the finding upon the evidence. We think there is evidence tending to show that the so-called

agreement of compromise was obtained by fraud, and tending, also, to show that the notes were not accepted in payment, but were simply taken as collateral security. Where it is charged that notes not payable in bank were accepted in satisfaction of a debt admitted to be due, the party who alleges that fact must affirmatively prove it. *Alford* v. *Baker,* 53 Ind. 279.

Filed Jan. 6, 1886; petition for a rehearing dismissed April 23, 1886; motion to reinstate overruled May 12, 1886.