## BERTHA v. SPARKS.

[No. 2,310.    Filed March 8, 1898.]

ACTION.—*Demand.*—Where money is due on a contract, the suit therefor constitutes a sufficient demand.  *p. 431.*

COMPLAINT.—*Sufficiency After Verdict.*—A complaint will be held sufficient after verdict, unless the averment of an essential fact has been omitted.  *p. 432.*

SAME.—*When Attacked for First Time on Appeal.*—Where enough facts are stated in a complaint to bar another action for the same cause it will be held sufficient against an attack for the first time in the Appellate Court.  *p. 432.*

EVIDENCE.—*Weight Of.*—A verdict will not be set aside on account of conflicting evidence where there was some evidence to sustain the verdict.  *p. 432.*

From the Tippecanoe Circuit Court.    *Affirmed.*

*R. P. Davidson* and *D. E. Storms,* for appellant.

*Will R. Wood,* for appellee.

ROBINSON, C. J.—Appellant appeals from a judgment rendered in appellee's favor for brokerage commissions. The errors assigned are that the complaint does not state facts sufficient to constitute a cause of action, and overruling appellant's motion for a new trial. It is said that the complaint does not state that a demand had been made before suit brought. A demand was not necessary. Where money is due a party on a contract, the suit constitutes a sufficient demand. *Ferguson* v. *State, ex rel.,* 90 Ind. 38; *School Town of Princeton* v. *Gebhart,* 61 Ind. 187; *Olvey* v. *Jackson,* 106 Ind. 286.

The sufficiency of the complaint is questioned for the first time by an assignment of error. The complaint is based upon a verbal contract whereby appellant agreed to pay appellee a certain sum of money whenever appellee found or produced a purchaser for certain lands, and to whom said lands should be sold by

appellant; that the appellee accepted the contract and entered upon its discharge, found a purchaser for the land, brought the minds of the parties together, the sale was consummated, and after it was completed appellant refused to pay the amount agreed upon. Unless the averment of an essential fact is omitted from a complaint, it will be held sufficient after verdict. It has been frequently declared that if there is enough in the complaint to bar another action, it is sufficient as against an attack made upon it for the first time in the appellate tribunal. We think the complaint states a cause of action. *Harris* v. *State, ex rel.,* 123 Ind. 272.

It was for the jury to determine, from the evidence, what the real contract between the parties was and whether appellee undertook to bring about a completed sale of the lands within a certain time. The burden was upon appellee to establish by a fair preponderance of the evidence the full performance of his part of the contract as made and understood between the parties, and also to prove the contract and its terms. Upon these propositions the jury was fully instructed by the court and the instructions given correctly stated the law, and were applicable to the evidence. While the evidence was to some extent conflicting, yet there was evidence to sustain the jury's verdict, and under the well settled rule that was sufficient. Judgment affirmed, with five per cent. damages and costs.