## THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* HAGAN.

[No. 22,648.  Filed June 15, 1915.  Rehearing denied October 8, 1915.]

1.  RAILROADS.—*Relief Associations.—Statutory Provisions.—Validity.*—The act of 1907 (§5308 Burns 1914, Acts 1907 p. 46), prohibiting the establishing or maintaining of relief associations by railroad companies requiring the members to surrender or waive any right of damage for personal injuries or death, etc., was enacted pursuant to the police power of the State and is a proper exercise of that power, and, though it may incidentally affect interstate commerce, that fact, in the absence of congressional action, does not render the act invalid.  p. 526.

2.  CONSTITUTIONAL LAW.—*Class Legislation.—Railroad Relief Associations.*—The act prohibiting the establishing or maintaining of railroad relief associations which require the members to surrender or waive any right of damage for personal injuries or death, etc. (Acts 1907 p. 46, §5308 Burns 1914), though applicable

alone to railroads, is not a violation of the constitutional inhibition against class legislation. p. 526.

3. STATUTES.—*Repeal by Implication.—Railroad Relief Associations.*—The repeal of a statute by implication is not favored, and §5308 Burns 1914, Acts 1907 p. 46, prohibiting the establishing or maintaining of railroad relief associations under certain conditions, was not repealed by §8020c Burns 1914, Acts 1911 p. 145, relating to the exemption of employers from liability for personal injuries to employes. p. 527.

4. RAILROADS.—*Relief Associations.—Recovery of Payments Made by Employe.*—Ordinarily parties to an executed illegal contract are *in pari delicto* and relief to either will be denied, but such rule is inapplicable to prevent recovery by a railroad employe of wages retained by the company as such employe's payment toward the fund of a relief scheme maintained by the company in violation of §5308 Burns 1914, Acts 1907 p. 46, although the complaint disclosed an executed contract, since the statute was enacted to protect employes who were parties to such contracts, and under such circumstances such an employe is not *in pari delicto.* p. 527.

5. RAILROADS.—*Relief Associations.—Recovery of Payments Made by Employe.*—Where a railroad company organized and maintained a relief association contrary to §5308 Burns 1914, Acts 1907 p. 46, making void the contract of any employe in relation thereto, an employe, in an action by him to recover the wages retained by the company as his contribution to the relief fund, can not be denied relief on the ground that certain provisions of the contract were not violative of the statute and are severable from the illegal provisions, in the absence of anything appearing to warrant the application of such rule, or to estop him in law or equity. p. 527.

6. APPEAL.—*Waiver of Error.—Briefs.*—Error, if any, in the overruling of a motion to set aside the return to the summons is waived by failure to set out the return or its substance in appellant's brief. p. 528.

From Lawrence Circuit Court; *Thomas Brooks,* Special Judge.

Action by Charles B. Hagan against The Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McMullen & McMullens, Edward Barton* and *Robert N. Palmer,* for appellant.

*Montgomery & Montgomery,* for appellee.

MORRIS, J.—Suit by appellee, railway employe, against appellant, to recover alleged balance due for wages. The complaint avers that appellant is a railroad corporation, organized under Indiana laws, and has been operating a railroad in this State; that in August, 1909, in connection with the operation of its road, appellant organized and established a relief association called its relief department, and induced appellee to become a member thereof; that appellant required all its employes to become members of this department; that by force of one of the rules thereof, which is set out, each member of the department was required to execute a contract agreeing to surrender and waive his right of damage against appellant for death or personal injury, or waive his right to participate in the benefits of the relief department; that the establishment and maintenance of said relief association violates the act of 1907 (Acts 1907 p. 46, §5308 Burns 1914), reading as follows:· ''That no railroad company now existing, or hereafter created, under and by virtue of the laws of this state or any other state or country, and having and operating a line of railway in this state, may establish or maintain, or assist in establishing or maintaining any relief association or society, the rules or by-laws of which shall require of any person or employe becoming a member thereof to enter into a contract, agreement or stipulation, directly or indirectly, whereby such person or employe shall stipulate, or agree to surrender or waive any right of damage against any railroad company for personal injuries or death, or whereby such person or employe agrees to surrender or waive, in case he asserts such claim for damages, any right whatever, and any such agreement or contract, so signed by such person shall be null and void.'' It is further averred that appellee was in appellant's employ from August, 1909, to July, 1911, at an agreed rate of wages; that at the later date he became disabled for service because of defective hearing; that during the term of employment he was a member of the relief department; that

the department was, under its rules, supported in the main, by deductions from employes' wages; that from appellee's wages, as earned each month, appellant deducted $4, and retains the same under the claim that it properly belongs to the funds of the relief department; that appellee has demanded of appellant the payment of the deducted wages, and the demand was refused. Appellant's demurrer to the complaint was overruled.

Appellant answered in two paragraphs, the first of which was a general denial. The second avers that appellant is an interstate carrier operating a railroad extending through various named states, including Indiana; that the Baltimore and Ohio Railway Company is an interstate carrier organized under the laws of Maryland; and, in the operation of its lines employs many thousands of men; that long prior to 1907 said company had maintained what was called its relief department which provided for benefits to its employes suffering disability whether from negligent accident, sickness, or other cause, and also provided for pensions of employes in certain cases; that one of its rules contains the following provisions:

> "Other corporations associated in interest with this company, or having harmonious relations therewith, may secure to themselves and their employees the advantages offered by this department by agreement between the respective companies, but only so as to always protect the employees of this company from any additional burdens by reason of the admission of the employees of such other company."

It is further averred that appellant and said Baltimore and Ohio company were associated in interest with each other and had and have harmonious business relations, and the lines of both companies were and are operated conjointly and extend from New York City, New York, to St. Louis, Missouri; that in July, 1909, appellant and said Baltimore and Ohio company executed an agreement providing for the admission of appellant to participation in the ben-

efits of its relief department, and obligated appellant to contribute to the department annually a stipulated sum. A copy of the rules and regulations of the relief department is set out at length. It is then averred that appellee joined the relief department of the Baltimore and Ohio company, to which appellant and its employes were admitted pursuant to said contract; that appellee executed a contract providing for the deduction of wages in controversy. The rules and regulations of the relief department provide for pensions and benefits for employes because of age and sickness and also for personal injuries caused by negligence, but the latter benefits are waived by instituting suit for damages. The court sustained a demurrer to this paragraph of answer. There was a trial and judgment for appellee.

It is earnestly contended by appellant that the act of 1907, if held applicable to interstate carriers, is invalid because of interference with interstate commerce. It 1. is not claimed that Congress has passed any law in relation to schemes of relief for employes of interstate railroads. It is manifest that the General Assembly of 1907, in enacting the measure, purported to do so in the exercise of its police power. *Hirth-Krause Co.* v. *Cohen* (1912), 177 Ind. 1, 97 N. E. 1., Ann. Cas. 1914 C 708. We are of the opinion that the act is within the bounds of the lawful exercise of such power. While it may incidentally affect interstate commerce, it is clear that the object of the statute was not to regulate it, and, in the absence of congressional action, the mere incidental effect will not invalidate the law. *Sligh* v. *Kirkwood* (1915), 237 U. S. 52, 35 Sup. Ct. 501, 59 L. Ed. 835, and authorities cited; *Vandalia R. Co.* v. *Railroad Com., etc.* (1914), 182 Ind. 382, 101 N. E. 85.

Appellant also claims that the act constitutes unconstitutional class legislation because applicable alone to 2. railroads. We can not assent to this view. *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7; *Pittsburgh,*

*etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033, and authorities cited. Appellant also contends that said act of 1907 was repealed, by implication, by §5 of the acts of 1911 (Acts 1911 p. 145, §8020c Burns 1914); that the complaint here fails to allege that appellant had in its employ five or more persons, and consequently was demurrable under the act of 1911. Repeals by implication are not favored, and we are of the opinion that the act of 1907, was not repealed by the act of 1911. *Shank* v. *State* (1915), *ante* 298, 108 N. E. 521; *Cleveland, etc., R. Co.* v. *Blind* (1914), 182 Ind. 398, 105 N. E. 483.

It is further urged by appellant that, if it be conceded that the act of 1907 is valid, yet the complaint discloses an executed contract, with the claimant *in pari delicto,* and, under such facts the appellee can not recover.

Ordinarily the law will refuse relief to either party to an executed illegal contract. *Michener* v. *Watts* (1911), 176 Ind. 376, 96 N. E. 127, 36 L. R. A. (N. S.) 142. But where a statute is enacted to protect one party to the contract, courts usually deem the party for whose protection the statute was enacted as not *in pari delicto,* and consequently entitled to recover. See monographic note to *Hobbs* v. *Boatright* (1906), 113 Am. St. 727. Appellant claims that even if the provision of the contract in regard to waiver of right to sue for damages for personal injuries be illegal and void other provisions thereof, securing the employe against loss because of disabilities arising from causes other than negligent accidents are confessedly valid, and that these provisions are severable from the illegal one. When appellant established its relief department in 1909, and during its maintenance since, the act of 1907 was in full force and effect, and in plain language prohibits the establishment or maintenance of any relief association such as the one here involved, and provides that any contract executed by the employe in furtherance of such scheme shall be void. While it sometimes happens that

illegal provisions of a contract may be severed from the legal ones and the latter enforced, neither the facts pleaded nor those disclosed by the evidence here afford room for the application of such principle. The language of the act is plain and presents no question for construction. Appellee was paid no benefits from the relief department, and no fact is disclosed that estops him, in law or equity, from recovering the balance of wages due him.

Appellant entered a special appearance and filed a written motion to set aside the sheriff's return to the summons issued for its appearance. The motion was overruled, 6. and this ruling is assailed. Neither the officer's return, nor the substance thereof appears in appellant's brief, and consequently appellant has waived a consideration of the question. Clause 5, Rule 22 of this court. The record discloses no reversible error. Judgment affirmed.

NOTE.—Reported in 109 N. E. 194. Contracts by servants waiving right to recover for injuries which may be received in the course of their employment, see 3 Am. St. 255. On constitutionality of statute forbidding avoidance of liability to employe or reduction of his damages by relief or indemnity contract, see 33 L. R. A. (N. S.) 706; 38 L. R. A. (N. S.) 867. Right of railroad company to maintain relief department as incidental to main business, see 4 Ann. Cas. 911. See, also, under (1) 26 Cyc. 1096; 8 Cyc. 864; 7 Cyc. 446; (2) 8 Cyc. 1052; (3) 36 Cyc. 1071; (4) 9 Cyc. 552; (5) 9 Cyc. 564; (6) 3 C. J. 1413; 2 Cyc. 1014.