BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* MILES.

[No. 22,763.   Filed May 16, 1916.]

1.   RAILROADS.—*Relief Associations.*—*Recovery of Payments.*—*Abatement of Action.*—Where the effect of a railroad employe's action to recover money withheld from his salary for the payment of dues to a relief association maintained by defendant is to challenge the validity of the entire institution the action could not be abated on the theory that plaintiff should first have submitted his claim to defendant's superintendent and then, in the event of an adverse decision should have appealed to the operating committee pursuant to certain rules of the relief department, before taking the matter in court.  p. 721.

2. RAILROADS.—*Service of Summons.*—*Return.*—A return of summons in an action against a railroad company showing service on a certain agent of defendant, who was the highest officer of defendant found in the county, was unobjectionable for failure to show that no higher officer could be found. p. 721.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Action by Willis W. Miles against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edward Barton, Robert N. Palmer* and *McMullen & McMullens,* for appellant.

*Montgomery & Montgomery,* for appellee.

SPENCER, J.—This action, instituted by appellee to recover from appellant the sum of $192 alleged to have been wrongfully deducted from his wages while in the latter's service, is a companion case to that of *Baltimore, etc., R. Co.* v. *Hagan* (1915), 183 Ind. 522, 109 N. E. 194, and the conclusion there reached is decisive of many of the questions presented by this appeal. Appellee was employed by appellant from September, 1909, to August, 1913, and during that time appellant regularly withheld from his wages the sum of $4 per month for the benefit of a "relief department" operated in connection with its railroad. This relief organization was conducted in violation of §5308 Burns 1914, Acts 1907 p. 46, but in presenting its defense to this action, appellant takes the position that said statute is unconstitutional and invalid for the reasons, (1) that it operates to place a burden on interstate commerce, and (2) that it constitutes class legislation. The contention is also made that the act of 1907 was superseded by the Employer's Liability Act of 1911 (Acts 1911 p. 145, §8020c Burns 1914), and further, that as in this case the contract between

the parties was fully executed, they are *in pari. delicto* and relief to either will be denied. Each of the above propositions was decided adversely to appellant's contention in the Hagan case, *supra*, and on a reëxamination of the same questions at this time, we see no reason to depart from our previous holding.

In this case, however, a further question is presented through a plea in abatement filed by appellant in which it takes the position that ap-

1. pellee should first have submitted his claim to appellant's superintendent and then, in the event of an adverse decision, should have appealed to the operating committee pursuant to certain rules of the relief department, before taking the matter into court. *Supreme Council, etc.* v. *Forsinger* (1890), 125 Ind. 52, 57, 25 N. E. 129, 9 L. R. A. 501, 21 Am. St. 196. The principle relied on by appellant would be applicable to a claim for benefits arising under the rules of a legal relief organization but does not serve to abate an action, the effect of which is to challenge the validity of the entire institution.

Finally, the contention is made that the return of the sheriff does not show that the summons in this case was served on a proper officer of appellant.

2. That return shows a service on "Edward Massman, an agent for the Baltimore and Ohio Southwestern Railroad Company, he being the highest officer of said company found in my county", and the objection that it fails to show "that no higher officer could be found" is trivial. No error appearing in the record, the judgment of the trial court must be and is affirmed.

Note.—Reported in 112 N. E. 524. See, also, under (1) 26 Cyc 1049; (2) 32 Cyc 557.