## Vandalia Railroad Company *v.* Kelley.

[No. 23,155.   Filed April 9, 1918.]

1. MASTER AND SERVANT.—*Railroad Relief Departments.— Recovery of Assessment.*—In an action by an employe of a railroad company to recover deductions from his wages made by the company as assessments for the benefit of its relief department, evidence that he signed. the application for membership at the request of the company's superior officer, and over his own objection, upon his being told that those employes who did not join were the first to be discharged by the company, was sufficient to show that his application was involuntary and that it did not create an estoppel to demand the return of the assessments paid.   p. 325.

2. MASTER AND SERVANT.—*Membership in Railroad Relief Associations.*—Where the application signed by an employe for membership in a railroad relief department expressly provided that the regulations of the department were a part of his contract of employment with the railroad company, and the contract showed that it was to be performed in this state, the law of the place of performance governs the rights of the parties and makes applicable §5308 Burns 1914, Acts 1907 p. 46, forbidding railroad relief associations that require of members a release for damages, although the employe did not become a member until acceptance of his application by the company in Ohio.   p. 326.

3. CONTRACTS.—*Rule of Comity.—Foreign Contracts.*—The rule of comity does not require the enforcement of a contract entered into in another state when it is a violation of a positive legislative enactment .which is declarative of the public policy of the forum.   p. 326.

4. COMMERCE. — *Interstate.* — *State Regulation.* — Section 5308 Burns 1914, Acts 1907 p. 46, prohibiting railroad companies operating within this state from maintaining relief associations, the rules of which require members to surrender or waive by contract any right of action for injury or death, is not void as being a regulation of interstate commerce.   p. 327.

5. MASTER AND SERVANT.—*Action for Wages.—Deduction for Relief Assessments.—Conditions Precedent.*—No demand was necessary as a condition precedent to an action by a railroad employe for the recovery of assessments deducted from his wages for the benefit of a relief department maintained by the company in violation of §5308 Burns 1914, Acts 1907 p. 46. p. 327.

From Marion Circuit Court; *Louis B. Ewbank*, Judge.

Action by Thomas M. Kelley against the Vandalia Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Samuel O. Pickens, Charles W. Moores, R. F. Davidson* and *Owen Pickens*, for appellant.

*Elias W. Dulberger*, for appellee.

SPENCER, C. J.—On July 15, 1910, and while in the employ of appellant as a bridge carpenter, appellee made application to become a member of a relief organization established by appellant and known as its voluntary relief department. This application was signed at Spencer, in Owen county, Indiana, but was forwarded to the superintendent of the relief department at Cleveland, Ohio, for approval. Pursuant to such approval, appellee became and continued as a member of said relief organization until January 31, 1914, when he left the employ of appellant and thereafter brought this action to recover the sum of $63, which represents the amount deducted from his wages by appellant during his service on its road, for the benefit of the relief fund. The application which appellee signed contains this provision:

> "I agree that the acceptance of benefits from the said relief fund for injury or death shall operate as a release of all claims for damages against said company, arising from such injury or death, which could be made by or through me, and that I, or my legal representatives, will execute such further instrument as may be necessary formally to evidence such acquittance."

The judgment of the trial court, sustaining appellee's right to recover the amount sued for, is evidently based on the ground that the relief organization maintained by appellant is in violation of §5308 Burns 1914, Acts 1907 p. 46, and that appellee's application for

membership therein was therefore null and void. *Baltimore, etc., R. Co.* v. *Hagan* (1915), 183 Ind. 522, 527, 109 N. E. 194; *Acton* v. *Baltimore, etc., R. Co.* (1915), 59 Ind. App. 280, 108 N. E. 535; *Wells* v. *Vandalia R. Co.* (1913), 56 Ind. App. 211, 218, 103 N. E. 360.

Appellant recognizes the existence of the above decisions, and others of similar import, but asserts that the present case is distinguishable from each of 1. them on several grounds. The first contention is that membership in appellant's relief fund is voluntary on the part of the employe, both under the express regulations which govern the department and under its actual administration in practice, and that when an employe has thus voluntarily elected to apply for a right to participate in the benefits of the organization, and has been protected under its provisions for a considerable period of time, he is estopped thereafter, on withdrawal from the organization, to demand a return of the amount which he has paid for that protection. We deem it unnecessary here to enumerate the general circumstances relied on by appellant as showing the voluntary character of its institution or to compare the same in that particular with the organizations under consideration in the cases above cited. It is enough at this time to refer to appellee's testimony to the effect that he signed the application in question at the request of a superior officer in the employ of appellant, and over his own objection that he had other insurance and did not feel able to carry the additional expense; that he was told that he was expected to become a member of the relief department and that those employes who did not join were the first to be discharged by the railroad. This testimony is not disputed in any particular, and as the claim of a voluntary act on the part of appellee was expressly tendered by appellant's answer, and denied by the verdict of the jury,

we must now treat the application in this case as made at the request of appellant and clearly within the prohibition of the statute.

It is further contended, however: (1) That §5308 Burns 1914, *supra,* cannot affect the contract between the relief department and appellee for the reason that said contract was made in the State of Ohio and is not subject to regulation in this state; and (2) that the statute in question places a burden on interstate commerce and is therefore invalid. The first of these contentions is based on the fact that, while appellee's application was signed in Indiana, he did not become a member of the relief organization until he was accepted by its superintendent at Cleveland, Ohio. Assuming, without deciding, that the relief agreement, treated separately, is to be considered as a contract made in Ohio, that fact alone will not permit its operation in Indiana in violation of the laws of this state. In the application which was signed by appellee, the regulations of the relief department were expressly made a part of the conditions of his contract of employment with appellant, and that contract was executed and performed within the State of Indiana. When the terms or nature of a contract show that it is to be performed in another country or state, then the place of making the contract becomes to that extent immaterial, and the law of the place of performance governs in determining the rights of the parties. 2 Elliott, Contracts §1119, and authorities cited; *Old Dominion Copper, etc., Co.* v. *Bigelow* (1909), 203 Mass. 159, 174 89 N. E. 1035. Furthermore, the rule of comity does not require the enforcement of a contract entered into in another state when it is in violation of a positive legislative enactment which is declarative of the public policy of the forum. *Lake Shore, etc., R. Co.* v.

*Teeters* (1905), 166 Ind. 335, 342, 77 N. E. 599, 5 L. R. A. (N. S.) 425; *Sondheim* v. *Gilbert* (1889), 117 Ind. 71, 78, 18 N. E. 687, 5 L. R. A. 432, 10 Am. St. 23; *Carstens Packing Co.* v. *Southern Pac. Co.* (1910), 58 Wash. 239, 242, 108 Pac. 613, 27 L. R. A. (N. S.) 975.

The second of appellant's contentions, as stated above, has, in all its substance, been heretofore considered by this court in *Baltimore, etc., R. Co.* v.

4. *Hagan, supra,* and in *Baltimore, etc., R. Co.* v. *Miles* (1915), 184 Ind. 719, 112 N. E. 524, and there denied on the ground that the Indiana law is not a regulation of interstate commerce and affects the same only incidentally, if at all. We are satisfied with our previous holdings.

Since appellant deducted from appellee's wages without lawful warrant the amount sued for in this action, and as such wages were fully earned and pay-

5. able under his contract of employment, no demand was necessary as a condition precedent to a suit to recover the same. *Olvey* v. *Jackson* (1886), 106 Ind. 286, 4 N. E. 149; *Bertha* v. *Sparks* (1897), 19 Ind. App. 431, 49 N. E. 831.

No error appearing, the judgment of the circuit court is affirmed.

NOTE.—Reported in 119 N. E. 257. State regulations between railroad companies engaged in interstate commerce and their employes, 15 L. R. A. (N. S.) 134, 29 L. R. A. (N. S.) 240, 52 L. R. A. (N. S.) 266. Acts involving contracts forbidden by the law of the forum, 55 Am. St. 775. See under (1, 2) 26 Cyc 1049; (3) 13 C. J. 255; (4) 12 C. J. 42.