# PHILADELPHIA, BALTIMORE, & WASHINGTON RAILROAD COMPANY *v.* CAMPBELL.

---

RAILROAD RELIEF DEPARTMENT; REGULATIONS; CONSTRUCTION.

A member of a railroad relief department is not entitled, on leaving the

---

NOTE.—For a review of authorities discussing the question of rights and remedies in respect to relief department fund upon termination of employment, see note in L.R.A.1916A, 1148.

service of the railroad, to the return of the difference between his contributions to the relief fund and the amount received by him by way of benefits, under regulations of such department to the effect that there shall be returned to a member leaving the service so much of his last contribution as covers the part of the month succeeding the date on which he leaves the service, and that the department shall be relieved from responsibility to such member except as to such return of contribution as the member may be entitled to. (Overruling *Vermillion* v. *Philadelphia, B. & W. R. Co.* 42 App. D. C. 579).

No. 3166. Submitted January 7, 1919. Decided February 3, 1919.

HEARING on an appeal from a decree in the Supreme Court of the District of Columbia, sitting as an equity court, in a suit to recover dues paid a voluntary relief department of defendant railroad companies. *Reversed.*

The COURT in the opinion stated the facts as follows:

Appellee, Arthur Campbell, plaintiff below, brought suit in equity to recover from defendants, Philadelphia, Baltimore, & Washington Railroad Company, and Pennsylvania Railroad Company, a balance claimed to be due him from dues paid the Pennsylvania Railroad Voluntary Relief Department.

It appears that a number of roads embraced in the Pennsylvania system, including defendants, formed, for the benefit of their employees, the voluntary relief department. Plaintiff was employed in 1897 by the Philadelphia, Wilmington, & Baltimore Railroad Company, and continued in the employ of that company and its successor, defendant Philadelphia, Baltimore, & Washington Railroad Company, until his discharge from the service November 23, 1913, except for a short period in 1900, and again in 1910, when he was in the employ of defendant Pennsylvania Railroad Company. He was admitted to membership in the relief department in 1900, after submitting his signed application, in which he agreed to be bound by the rules and regulations of the department. During the time he was a member, and up to the date of his discharge, he con-

tributed to the relief fund $439.90, and during the same period he received in accident and sick benefits from the relief fund the sum of $83.60.

This appeal is from a decree awarding judgment against the several defendants for the difference between the amount paid into the relief fund and the amount received by way of benefits,—$356.30,—together with interest and costs.

*Mr. Frederic D. McKenney, Mr. J. Spalding Flannery, Mr. G. Bowdoin Craighill,* and *Mr. W. Clayton Carpenter* for the appellants.

*Mr. Levi H. David* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is conceded that plaintiff became a member in the manner prescribed by the regulations of the relief department; that he paid only the dues prescribed, and received the benefits from time to time to which he was entitled; that the total amount paid in by plaintiff and the amount returned to him by way of benefits, as set forth in the answer of defendants, is correct, and that no fraud or deception was practised upon him by the defendants. The case turns upon the interpretation to be placed upon sec. 40 of the regulations, as follows: "No contribution shall be deducted from the final payment of wages to a member leaving 'the service, excepting for contributions in arrears. When a member leaves the service who is not at the time suffering from disability which entitles him to benefits, there shall be returned to him so much of his last contribution as covers the part of the month succeeding and including the date on which he leaves the service, for which he must give a receipt in the prescribed form. Should a member who is disabled and entitled to benefits when leaving the service recover from the disability in the same month, he shall not be entitled to benefits for a subsequent disability or death, and

shall be entitled to the return of so much of his contribution as covers time subsequent to such recovery."

The decree here is based upon the decision of this court in *Vermillion* v. *Philadelphia, B. & W. R. Co.* 42 App. D. C. 579, L.R.A.1916A, 1145, where it was held that full recovery could be had of the difference between the amount paid into the relief fund by an employee and the amount received by him in benefits as of the date of his severing his relations with the company, either by discharge or otherwise. In that case, it was held that sec. 40 is modified by sec. 62 of the regulations, which relieves the department from responsibility to the member when his employment ceases, except, among other things, "such return of contribution as the member may be entitled to." On this point, the court said: "This section [No. 40] is relied on as forfeiting the right to a demand for the return of the amount deducted from the monthly wages of a member upon his retirement from the service under any circumstances. We do not regard this as a forfeiture of the amount deducted from a member's wages during the time of his membership. It is too ambiguous to warrant such a construction. We think it apparent that sec. 62  *  *  *  governs the responsibility of the trustee of the relief department, and creates a liability to return such contributions as may have been made by a member who leaves the service of the railway company for any cause. This return is to be made after deducting such sums as may have been paid to the member during his service for any other purposes contained in the relief contract."

We think this court was in error in placing the above construction upon the regulations. The exception above pointed out in sec. 62 merely retains responsibility in the department for such return of contributions as are provided for in sec. 40. At the time plaintiff was discharged, he was not entitled to any benefits by reason of being disabled. Hence, from the plain and unambiguous language of the regulation he was only entitled to that portion of his contribution for the month in which he was discharged, included between the date of his

discharge and the end of the month,—in this instance, from November 23 to November 30, 1913, inclusive.

The interpretation placed upon the regulations in the *Vermillion Case* would in time work ruin to the relief department. The department is formed and maintained as a mutual benefit association, and the dues are based upon the probable obligations it will have to meet in the payment of its members for death, accident, and sick benefits. The monthly contributions paid by a member into the relief fund, like dues paid to an insurance company, constitute the price which the member pays for the protection afforded him by the relief department. They make up the joint fund from which benefits are paid, not only to himself, but to his fellow members. In many cases, the payment of benefits to a member will be in excess of the contributions of such member to the relief fund; and in others, as in the present case, they will fall short of the contributions. But the plan is so arranged that the total contributions of the members will meet approximately the total liabilities. This could not be accomplished equitably if a member, in severing his connection with the company, for any reason whatever, could recover as decreed in the present case.

The decision in the *Vermillion Case,* supra, is overruled, and the decree in the present case is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion. *Reversed and remanded.*