187 So. 475

**ATLANTIC COAST LINE R. CO. v. WRIGHT.**

**4 Div. 76.**

Supreme Court of Alabama.

March 16, 1939.

A. H. Arrington, of Montgomery, and Wilkerson & Brannen, of Troy, for appellant.

Walters & Walters, of Troy, for appellee.

BOULDIN, Justice.

The action is by a former railroad employee to recover, by way of refund, the amount of his contribution to the Relief Fund of the Relief Department of the Railroad Company while an employee and a "member of the Relief Fund."

The cause was tried on an agreed statement of facts. The case turns on the construction of the Regulations of the Relief Department of Atlantic Coast Line Railroad Company, fully set out in the record, including application for membership, &c. The applicaton fixed the amount of monthly contribution from the member's wages, which "shall constitute an appropriation and assignment in advance of such portions of my wages, to the said Company in trust, for the Relief Fund, for the purpose of maintaining my membership therein."

Sections 1, 2, 3 and 4 of the regulations read:

"1. The 'Relief Department' is a department of the Company's service, of the nature of a mutual benefit association, and in the executive charge of a Superintendent, whose directions in carrying out its Regulations are to be complied with, subject to the control of the President, except in such matters as are under the control of· the Advisory Committee, as hereinafter provided. * * *

"2. The object of the Department is the establishment and management of a fund, to be known as the 'Relief Fund,' for the payment of definite amounts to employees contributing thereto, who are to be known as 'Members of the Relief Fund,' when under the Regulations they are entitled to such payment by reason of accident or sickness, or, in the event of their death, to the relatives or other beneficiaries designated by them with the approval of the Superintendent.

"3. The Relief Fund will consist of contributions from members thereof, income derived from investments and from interest paid by the Company, and advances by the Company, when necessary, to pay benefits as they become due.

"4. The Company shall have general charge of the Department, guarantee the fulfillment of its obligations as determined by these Regulations, take charge of all moneys belonging to the Relief Fund, and be responsible for their safe keeping, pay in to the·Fund interest at the rate of four per cent per annum on monthly balances in its hands, supply the necessary facilities for conducting the business of the Department, and pay all the operating expenses thereof."

Other pertinent provisions are:

"14. If the amount contributed by the members of the Relief Fund, with interest and other income, shall not be sufficient to pay the benefits as they become due, the Company shall advance from its own funds whatever sums may be necessary for this purpose, reimbursing itself if and when the contributions of members with interest and other income are sufficient therefor, and if at any time there shall be a surplus after making due allowance for liabilities, greater than seems necessary to meet current benefits and to provide a reasonable contingent fund, such surplus shall be used in increasing the benefits to members in such manner as may be determined by a vote of two-thirds of the Committee, and approved by the Board of Directors."

"27. When a member resigns from the service, or leaves the service without notice, or is relieved or discharged therefrom, his membership in the Relief Fund shall terminate with his employment, and he shall not be entitled to any benefits for time thereafter, except such as he may be entitled to by reason of disability beginning and reported before, and continuing without interruption to and after such termination of employment."

"34. The word 'contribution' wherever used in these Regulations shall be held and construed to refer to such designated portion of the wages payable by the Company to an employee, as he shall have agreed, in his application, that the Company shall apply for the purpose of securing the benefits of the Relief Fund; or to such cash payment as it may be necessary for a member to make for said purpose."

"37. Contributions for any month will be due on the first day of that month, and will ordinarily be deducted from the member's wages on the payroll of the preceding month."

"41. In determining the contributions for part of a month the amount for each day shall be one-thirtieth of the amount."

"44. When a member's service terminates there shall be due him as refund any excess of contribution he may have made above what is necessary to adjust his account up to, but not including the last day of service.

"Any refund of contribution due at the termination of a member's service shall be payable upon application therefor by the member, and shall be made by time check or otherwise, in conformity with the financial methods of the Company."

Plaintiff was an employee of the Railroad Company for some seventy-one months. During this period he was a member of the Relief Fund, and contributed through wage deductions $1.50 per month.

Disability benefits and death benefits are provided; also certain hospital and surgical services. Disability benefits to which this plaintiff, a member of class 2, would have been entitled in case of accident or sickness while a member would have been $1 per day for not exceeding fifty-two weeks, and half that rate thereafter during continuance of the disability, and the death benefit $500. He had no disability and drew nothing from the fund therefor.

In this suit he seeks a refund of all his contributions while an employee and member.

The employment ended in 1931. This suit was begun in 1937, but appellant makes no point here on its pleas of the statute of limitation.

The suit turns on the construction of Section 44 of the Regulations, above set out. Appellee construes this section to call for a refund of all contributions while a member, or so much thereof as the member did not receive in disability benefits. Appellant would give a much more limited field to this section. It will be noted a wage deduction is made at the end of each month to cover the full contribution for the following month. If the employment and consequent membership ends during such month, this is an excess contribution, determinable by the number of days he has paid for but receives no protection. Appellant insists this refund is for this excess contribution, analogous to the refund of an unearned premium when a policy of insurance is cancelled.

■ Upon consideration of the entire relief plan set up in the regulations, we are clearly convinced appellant's construction is correct.

Railroad Relief Departments are of long standing. Much litigation arose over regulations calling for a release of claims of member-employees for injuries resulting from negligence for which the employer was answerable.

Congress, by statute, declared void any such regulations affecting the liability of interstate railways under Federal Statutes. 45 U.S.C.A. § 55.

The State of Indiana has a similar statute. Vandalia R. Co. v. Kelly, 187 Ind. 323, 119 N.E. 257. See, Harrison v. Alabama Midland R. Co., 144 Ala. 246, 40 So. 394, 6 Ann.Cas. 804.

No such questions are involved here. In the Relief Department here set up the members make contributions to a common fund to provide a measure of protection in the form of disability and death benefits. Disability benefits in no way depend upon the amount contributed to the fund by the disabled member. The member is entitled to the same disability benefit whether he has contributed for one month or for many months. The benefits paid may be many times the contribution made by the particular member.

Clearly, if a member can draw many times his contributions, if disabled, and withdraw all he has contributed if he does not become disabled, the whole scheme would speedily fail.

The regulations repeatedly and directly show the contribution is to secure the benefit of membership, the protection afforded in case of disability while a member. It is not a scheme for building up an individual fund for each member to be withdrawn in benefits or on termination of employment.

The cases relied upon by plaintiff are Indiana cases, cited in note 96 to Section 367(4), 39 C.J. p. 249. An examination of these cases discloses their holding is accurately set forth in the text of Corpus Juris, supra. The right of refund was sustained solely on the ground that the deductions from wages were unlawful to begin with, because the scheme was held void in toto by virtue of a statute. Impliedly, these cases sustain a claim for refund only when wage deductions were unlawful.

The only case cited by either party or in text books, so far as examined, dealing with the question before us, is Philadelphia B. & W. R. Co. v. Campbell, 48 App.D.C., 350. This case sustains the views we have expressed. See, also, 39 C.J. 249, note 98; 3 Couch on Insurance, § 707, pp. 2345, 2346.

While the agreed facts do not directly disclose the administrative construction of § 44 through past years, the course pursued in this instance, a tender of the unearned portion of the last month's contribution, and the long delay in asserting the claim of this plaintiff, are indicative that no such constructon as now insisted upon by plaintiff has obtained. Administrative construction of regulations of an active relief department of this sort, wherein the rights of members on termination of employment continually arise, is given much weight in construing such regulations. 39 C.J. 248, § 363.

The judgment of the trial court was not in harmony with this opinion.

The judgment is reversed and one here rendered for defendant.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.