VOLUNTARY RELIEF DEPARTMENT OF THE PENNSYLVANIA LINES WEST OF PITTSBURGH *v.* SPENCER.

[No. 1899.    Filed February 25, 1897.]

ACCIDENT INSURANCE.—*Railroad Relief Association.—Complaint.*— A complaint in an action against a railroad relief association alleging that on a specified day plaintiff met with an accident wholly without any cause or negligence on his part, and that he had fully complied with all the terms of his contract, negatives the idea that he violated any condition precedent to recovery under the rules of the association.  *p. 125.*

SAME.—*Railroad Relief Association.—Answer.*—An answer, in an action against a railroad relief association, setting up that the accident for which plaintiff sued did not occur to plaintiff while in the performance of the duties of his employment as required by the rules of the association, but resulted from plaintiff voluntarily and unnecessarily exposing himself to danger, when off duty, and while seeking his own pleasure, is demurrable as stating conclusions instead of facts. *pp. 126, 127.*

SAME.—*Rules of Railroad Relief Association, When Void.*—A rule of a railroad relief association which makes any decision of the advisory committee, with regard to an accident to a member, final and conclusive upon all parties, without exception or appeal, is void as an attempt to cut off the right to resort to the courts. *pp. 127, 128.*

SAME.—*Valid Rules of Relief Association.*—The requirement that the holder of a certificate of membership in a railroad relief association, in the event of a controversy between such holder and the association in reference to an indemnity claim, shall submit the same to the superintendent for determination, is a condition precedent which the holder must show he performed before bringing suit, or show a valid reason for its nonperformance. *p. 128.*

PLEADING.— *Answer.— Abatement.*—Matter in abatement, showing that the action was prematurely brought, cannot be pleaded with an answer in bar. *p. 129.*

INSTRUCTIONS.—*As to Evidence Equally Balanced.*—An instruction that if upon a fact the evidence is equally balanced, that fact is not proved and should not be stated in the special verdict, is proper. *p. 131.*

From the Cass Circuit Court.    *Affirmed.*

*N. O. Ross, G. W. Funk* and *D. H. Chase,* for appellant.

*F. M. Kistler, G. S. Kistler, S. T. McConnell* and *A. G. Jenkins,* for appellee.

ROBINSON, J.—Appellee held a certificate of membership in appellant association, alleged in the complaint to be a corporation. The rules and regulations of the association, which were a part of the certificate, contained a stipulation to the effect that if the appellee while an employe of the Pittsburgh Cincinnati, Chicago and St. Louis Railway Company, should become disabled by sickness or by injury, other than an

accident, in the service of the employer, he should be entitled to certain disablement benefits. This action was brought to recover benefits while disabled for service, from an injury. The certificate of membership was embodied in the complaint, and the rules and regulations of the association were filed with the complaint as exhibits.

The first objection to the complaint is that it does not allege that the injury complained of was received at a time when appellee was not intoxicated, or off duty on account of intoxication, and not engaged in an unlawful act.

The appellee set forth in his complaint that on a certain day he met with an accident, wholly without any cause or negligence on his part, whereby his left leg was broken, just above the ankle joint, by reason of which he was unable to enter upon his duties; that he had given notice and proofs of the injury, according to the requirements of the rules and regulations of appellant, and that he had fully complied with all the terms of his contract. We think these allegations negatived the idea that he had violated any condition precedent contained in the rules. If appellee had, in fact, violated some rule that would prevent a recovery, such violation would properly be matter of defense.

It is provided in section 373, Burns' R. S. 1894, that "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part."

Such general averment has been held sufficient as to the condition of a policy of insurance. *Louisville Underwriters* v. *Durland*, 123 Ind. 544, 7 L. R. A. 399. See *Phenix Ins. Co.* v. *Golden*, 121 Ind. 524; *Commer-*

*cial Assur., etc., Co.* v. *State, ex rel.,* 113 Ind. 331; *Watson* v. *Deeds,* 3 Ind. App. 75.

In addition to the general denial the appellant answered in three paragraphs; to the third and fourth paragraphs demurrers were sustained. The demurrer to the second paragraph was overruled. The second paragraph sets out rule 52 of the appellant, which rule provides that "benefits will not be paid for disability arising from sickness contracted, and injuries received by members while intoxicated, or off duty in consequence of intoxication, or from injuries received while engaged in unlawful acts; or, for disease or death resulting from their immoralities, or from the intemperate use of stimulants or narcotics, or for death by the hands of justice;" and it is alleged that appellee was intoxicated at the time of the injury, and was further engaged in an unlawful act, which is set out in the pleading.

The third paragraph is based upon rule 45 of the appellant, which rule provides that "payments on account of disablement by accident will only be made upon the disablement being shown to have resulted solely from accidents occurring to members in the performance of duty in the service, and to which they were assigned, or which they were directed to perform by proper authority, or in voluntarily protecting the property of the company in whose employ they are. This shall include accidents occurring to members at points upon the employing company's property, which they necessarily pass when going to and from work, and which do not result from their voluntarily or unnecessarily exposing themselves to danger. There must be exterior or other positive evidence of injury, and satisfactory evidence that it incapacitates the person for performing his duty in the service, or, when of a permanent character, to earn a livelihood

in an employment suited to his capacity; disablement from accident occurring otherwise than as aforesaid, will be classed with sickness." It is further alleged that said injury did not "occur to the plaintiff at any point on said railroad company's property, which the plaintiff necessarily had to pass when going to and from work, but that it did result from the plaintiff voluntarily and unnecessarily exposing himself to danger when off duty, and while seeking his own pleasure."

Appellant's brief says that "this answer is not good, as an answer to a complaint for injuries received under the provisions of rule 45, nor for injuries received under the conditions named in rule 52, unless the closing part of the answer makes it so."

The pleading states no facts that go to show that appellee was exposing himself to danger, when injured, or that at that time he was seeking his own pleasure. This paragraph is open to the objection that it states conclusions instead of facts.

The fourth paragraph of answer sets out rule 65 of the association, which provides that "all questions or controversies of whatever character, arising in any manner, or between any parties or persons in connection with the Relief Department, or the operation thereof, whether as to the construction of language or meaning of the regulations of the relief department, or as to any writing, decision, instruction, or acts in connection therewith, shall be submitted to the determination of the superintendent of the relief department, whose decision shall be final and conclusive thereof, subject to the right of appeal to the advisory committee within thirty days after notice to the parties interested, of the decision. When an appeal is taken to the advisory committee it shall be heard by said committee without further notice, at

their next stated meeting, or at such future meeting, or time as they may designate, and shall be determined by vote of the majority of a quorum, or more, present at such meeting, and the decision so arrived at by the advisory committee shall be final and conclusive upon all parties without exception or appeal." It is then alleged that the claim for which this action is brought was not submitted to the superintendent of the relief department, nor passed upon or decided by him nor by the advisory committee.

That part of rule 65 which makes any decision of a committee final and conclusive upon all parties without exception or appeal, and then attempts to cut off the right of a party to resort to the courts, is void. *Supreme Council, etc.,* v. *Forsinger,* 125 Ind. 52, 9 L. R. A. 501.

The requirement that appellee should submit the matter in controversy between himself and appellant to the determination of the superintendent of the relief department, is a condition precedent which appellee must show he performed before bringing suit, or show a valid reason for its nonperformance. *Supreme Council, etc.,* v. *Forsinger, supra.*

The appeal to the advisory committee is not obligatory, but is simply a right given to the party and is not a condition that must be performed before suit is brought. This rule is a part of the contract between the parties and it provides a general right of appeal, but it does not stipulate that the claimant for benefits shall appeal. If the decision of the superintendent of the relief department is adverse to the claimant he may appeal to the advisory committee, or he may proceed to enforce his claim in the usual method. The rule set out in the fourth paragraph does not say, nor can it be construed to mean, that upon an adverse decision of the superintendent of the relief depart-

ment the claimant shall then appeal to the advisory committee. If the claimant had a just demand and payment was refused, he had the right to enforce his demand in an ordinary action at law, unless he had abridged that right by contract. He had abridged his right to sue at once by his contract to the effect that he would first present his claim to the superintendent of the relief department, but there is nothing in the rule in question which shows a clear agreement, surrendering his right to sue before taking an appeal to the advisory committee. Had it been the intention to require the claimant to surrender his right to sue until after an appeal had been taken from the decision of the superintendent to the advisory committee, it could easily have been so declared. *Bauer* v. *Sampson Lodge, etc.*, 102 Ind. 262.

The matter pleaded in the fourth paragraph of answer tended to show that appellee's action was prematurely brought. It went in abatement of the action and was not available by plea in bar. Having been pleaded with an answer in bar and without verification it might have been struck out on motion. But as sustaining the demurrer accomplished the same result, no available error was committed. A plea in abatement tends only to defeat the cause of action for the time being, while a plea in bar disputes the very cause of action itself. The matter set out in this paragraph of answer was clearly in abatement and could not be pleaded with an answer in bar. Section 368, Burns' R. S. 1894 (365, R. S. 1881); *Alexander* v. *Collins*, 2 Ind. App. 176; *Hayne* v. *Fisher*, 68 Ind. 158; *Dwiggins* v. *Clark*, 94 Ind. 49.

In support of the motion for a *venire de novo*, appellant argues that the special verdict is defective in that it does not find the contents of the papers prepared

for an appeal to the advisory committee; that it does not find that the medical examiner had any authority to act in the matter as agent of appellant, and that it does not find that any proofs or papers relating to the claim were ever submitted to either the superintendent of the relief department or the advisory committee.

Whatever may have been the authority of the medical examiner generally, the finding very clearly shows that he acted in this case with the knowledge and consent of appellant. The jury found that appellee "was also treated by Dr. Wagner, the medical examiner and physician of the defendant company at Logansport, Indiana; that after plaintiff was injured, and treated by Dr. Wagner, as herein found, the plaintiff applied to the defendant through Dr. Wagner for the amount due him, under his certificate of membership, as herein found, and thereafter was notified by said Wagner that his claim had been rejected. And thereafter, the plaintiff, at the instance and under the direction of Dr. A. C. Leisher, successor to Dr. Wagner, as medical examiner for the defendant at Logansport, Indiana, had papers prepared by John M. Bliss, Clerk of the Cass Circuit Court, with which to appeal his claim to defendant's advisory committee, which were subsequently delivered by the plaintiff to Dr. A. C. Leisher, with instructions to forward to proper authorities, and subsequently said Leisher notified plaintiff that he had forwarded the papers prepared by Bliss aforesaid, and that he had received notice of the rejection of plaintiff's claim, and thereafter this suit was brought."

We have examined the evidence and while it is conflicting there is evidence to sustain the special verdict.

The court instructed the jury that, "If, upon any

fact, the evidence is equally balanced, that fact is not proved and should not be stated in your verdict."

This was not error. When a fact is found it is a finding that the party having the burden of the issue has proven that fact by a preponderance of the evidence; and the failure to find the existence of a fact is equivalent to a finding that the fact does not exist. *Brazil Block Coal Co.* v. *Hoodlet*, 129 Ind. 327; *Pittsburg, etc., R. W. Co.* v. *Burton*, 139 Ind. 357.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.