BRIDGET GORMAN *vs.* BERNARD CARR.

*Assumpsit—Personal Services—Relative—Contract—Implied Promise to Pay.*

1. Where one person renders service to another which is accepted, the person receiving such service is bound by law to pay therefor such sum as the service is worth. If there be a stated price agreed upon, that price will govern, but if there be no stated price, then the measure would be such sum as the service was reasonably worth.

2. Where work and labor are performed by a niece for an uncle, the law presumes that they were gratuitous, prompted by friendship, kindness, and growing out of relationship, and will not imply a promise to pay. This, however, is only a presumption and may be rebutted by the character of the service rendered and by evidence that the defendant promised to pay, and that there was some understanding between them.

3. Such agreement to pay need not be in writing; it is sufficient that there was a verbal understanding or agreement between the plaintiff and the defendant, or an actual promise by the defendant to pay the plaintiff for the services while in his family.

*(November 23, 1908.)*

LORE, C. J., and SPRUANCE and BOYCE J. J., sitting.

*Walter H. Hayes* and *Edwin R. Cochran, Jr.* for plaintiff.

*J. Frank Ball* and *James Saulsbury* for defendant.

Superior Court, New Castle County, November Term, 1908.

ACTION OF ASSUMPSIT to recover for personal services which plaintiff claimed she rendered the defendant as bar-keeper, and other work about his house, from December 25, 1896 to June 30th, 1907—542 weeks at ten dollars a week.

LORE, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by Bridget

Gorman, the plaintiff against Bernard Carr, the defendant, in assumpsit to recover for her personal services which she claims she rendered the defendant as bar-keeper and other work about his home from December 25th, 1896 to June 30th, 1907, claiming for 542 weeks at ten dollars a week, amounting, according to her claim, to $5420.00, with interest from June 30th of the present year; for this amount she seeks to recover a verdict in this case.

The defendant claims that the plaintiff entered his house as one of the family, that for a time after she so entered it, he paid her four dollars a week with which she seemed to be satisfied, and that thereafter she received clothing, board and money from time to time as she asked for it which he alleges was in full compensation.

We will say to you that where one person renders service to another which is accepted, the person receiving such service is bound by law to pay therefor such sum as the services are worth. If there be a stated price agreed upon, that price will govern, but if there be no stated price, then the measure will be such sum as the services were reasonably worth.

Where work and labor are performed by a niece for an uncle as in the case at bar, the law presumes that they were gratuitous, prompted by friendship, kindness, and growing out of relationship, and will not imply a promise to pay. This, however, is only a presumption and will be rebutted by the character of the services rendered and by evidence that the defendant promised to pay and that there was some understanding between them.

If the jury believe that the defendant promised the plaintiff that he would pay her to take care of the children and the home and for whatever she might do there, it would rebut any presumption that the services were rendered gratuitously. Such agreement to pay need not be in writing; it is sufficient that there was a verbal understanding or agreement between the plaintiff and the defendant, or an actual promise by the defendant to pay the plaintiff for the services while in his family.

This case is to be determined by you from the preponderance of the evidence in the case; such preponderance does not depend

only upon the number of witnesses but also upon the weight of the evidence taken as a whole.    If the  jury believe from the preponderance of evidence that the plaintiff rendered  services to the defendant under an understanding or agreement that the plaintiff was to be paid for them, the verdict should be for the plaintiff and for such just and reasonable amount as they were worth, considering the character of the services rendered as proved in this case and all the circumstances connected therewith; deducting thereform, however, such amount as she may have received on account of such services.

Verdict for plaintiff for $2,438.51.