No. 19,861.

ANTON STRAMEL, *Appellant,* v. A. B. HAWES, *Appellee.*

### SYLLABUS BY THE COURT.

1. CONTRACT—*Action for Breach—Ratification of Contract.* Where a party to a contract elects to sue upon it for damages resulting from an alleged breach of its terms by the defendant, he thereby ratifies it as a valid contract, binding alike upon himself and the defendant.

2. SPECIFIC PERFORMANCE—*Performance Impossible—Damages May be Recovered.* Although specific performance is still an equitable remedy the granting of which rests in the discretion of the court, the code has abrogated the rule which formerly obtained, that a judgment for damages will not be awarded where specific performance is found impossible unless the court in its discretion and upon a consideration of the equities concludes that it is just and equitable.

3. SAME—*Certain Rules Abrogated by Code.* The rule which formerly obtained, that where a party knows at the time he brings suit for specific performance that the contract can not be specifically performed or decreed he will not be allowed to recover compensation in the way of damages, has also been abrogated by the code.

4. ACTION — *Specific Performance — Cross-petition Alleging Plaintiff's Breach—Damages Recoverable.* In an action in which plaintiff sues to recover damages for the breach by defendant of a contract to exchange real estate, the defendant may set up a cross-petition alleging that plaintiff breached the contract and ask for specific performance with a prayer in the alternative for damages, notwithstanding defendant is aware of the fact that plaintiff has put it beyond his power to perform.

5. SPECIFIC PERFORMANCE—*Action to Set Aside Judgment—Equitable Considerations Unavailable.* Where plaintiff brings an action to recover damages for the defendant's breach of a contract to exchange real estate and the court finds that it was the plaintiff and not the defendant who breached the contract, a judgment in defendant's favor on his cross-petition for damages will not be set aside on considerations of equity or because it appears that plaintiff made a bad bargain.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed January 8, 1916. Affirmed.

*T. S. Haun,* of Kinsley, *William T. Jamison, J. G. Hutchison,* and *M. J. Ostergard,* all of Kansas City, Mo., for the appellant.

*A. C. Dyer, A. L. Moffat,* both of Kinsley, and *F. Dumont Smith,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In some respects this is a remarkable case. The plaintiff sued to recover $500 damages for the alleged breach by the defendant of a written contract for an exchange of real estate, claiming that he had paid that amount as commissions to one Joe Dome, his agent in procuring the contract. The defendant answered with a cross-petition admitting the validity of the contract, but claiming that plaintiff had breached it; that defendant was and continued ready, able and willing to comply with his part of it and to exchange properties. He asked a decree against plaintiff for specific performance, with a prayer in the alternative for damages in case plaintiff had placed it beyond his power to perform. The plaintiff then was willing to drop the matter and filed his motion to dismiss the action, alleging that he had never authorized it to be brought. The court tried out that issue first and found against the plaintiff, who then filed a reply, and the cause went to trial before the court. Separate findings of the facts and conclusions of law were made at the request of plaintiff, and among these is the finding that Dome had no authority to sign the contract as agent for plaintiff; that the contract never bound the plaintiff to do anything until he ratified it by bringing his action upon it to recover damages for its breach. The court also found that it was the plaintiff and not the defendant who breached the contract, and that defendant was entitled to recover damages against plaintiff in the sum of $4520, and judgment was rendered accordingly. This left the plaintiff in a serious predicament and it is not surprising that he appealed. At the time the judgment was rendered the court added a postscript statement which became a part of the record, and which reads:

"The trial court feels that the judgment in this case is inequitable; that defenaant could not have recovered in this case if plaintiff had not elected to hold said contract good and sue thereon; that the question of equity was not considered by the court in rendering judgment in this case but the judgment is based solely upon the court's idea that plaintiff in filing the suit in this case has ratified said contract and is bound by the terms thereof. This statement is made in order that the Supreme Court may know the theory upon which judgment was rendered in this case."

By the contract, which is dated November 18, 1912, plaintiff agreed to trade three sections of land in Nebraska for an apartment house in Kansas City, Kan., belonging to defendant. The Nebraska land was represented as subject to mortgages amounting to $7000, due May 17, 1916. As a matter of fact, $1000 of the incumbrance was past due and the balance matured a year later. The court found that the apartment house was represented to be subject to two mortgages aggregating $5000, due in five years. The contract is silent as to the date when these mortgages were due, and the court's finding is upon evidence of oral statements made to plaintiff by defendant's agent previous to the execution of the contract. The amount of mortgages on the Kansas City property turned out to be $5200, but before plaintiff declared his intention to refuse to make the trade, the defendant took up the $200 incumbrance and the release was noted on his abstract which was returned to plaintiff for further examination. It appears also that a suit to foreclose one of the mortgages on the apartment house was pending in the district court of Wyandotte county, but defendant notified the plaintiff that arrangements had been made to dismiss the foreclosure and to extend the mortgage, and that he was waiting to learn whether the plaintiff would arrange to procure an extension of the mortgages on the Nebraska land. The correspondence between the parties and their attorneys concerning requirements in respect to the abstracts continued for several weeks after the expiration of the thirty days agreed upon for the completion of the trade. The court found that the plaintiff failed to return defendant's abstract after it was sent to him the last time, or to answer inquiries respecting the defendant's requirements as to plaintiff's abstract; and that on April 14, 1913, plaintiff notified defendant that he refused to complete the trade, assigning as his reasons therefor that he had never made a valid contract, that defendant had failed to comply with his part of it, and that there were fraudulent representations made to him by defendant concerning the property and the incumbrances thereon.

The particular matters which doubtless impelled the trial court to conclude that the judgment is inequitable, are the facts

Stramel v. Hawes.

stated in finding No. 13, namely, that at the time the contract was made plaintiff's Nebraska land was worth $11,520, subject to $7000 incumbrances, while the apartment house was worth only $5000 and was incumbered for that amount, making the difference between the values of the properties $4520, the amount for which the court gave defendant judgment.

The plaintiff relies upon two assignments of error, first, that the court erred in its conclusions of law from the facts found; second, that it erred in rendering judgment in defendant's favor. The main contention is, that the judgment is inequitable, and naturally much importance is attached to the statement of the trial judge that equitable considerations did not enter into its rendition. There is a statement in plaintiff's brief that this action was brought to recover as damages the commisson which he paid to his agent *"because of defendant's fraud in procuring the contract,* and his failure to perform it." That portion of the statement which we have italicized is not supported by the abstract. The petition to which plaintiff refers contains no averment of fraud in procuring the contract— the cause of action being placed solely upon the alleged failure of defendant to perform. While the court permitted plaintiff to prove a misrepresentation with respect to the amount of incumbrances on the Kansas City property made by defendant's agent before the contract was executed, it must be apparent that the validity of the contract was not in issue. Nor could its validity or binding effect as to himself have been raised as an issue by the plaintiff. In order to recover damages for its breach it became necessary for him to affirm the contract, and, as the trial court found, he did this when he brought his action on the contract.

It hardly seems necessary to cite authorities to show that when plaintiff elected to sue upon the contract for damages resulting from the alleged breach of its terms he thereby ratified it as a valid contract binding alike upon himself and the defendant. But see *McNutt v. Nellans,* 82 Kan. 424, 108 Pac. 834, where the court used this language:

"He can not be permitted to blow hot and cold—to seek the specific performance of a contract and in the same action claim that the contract itself is void." (p. 429.)

"After the right to rescind a contract has accrued, the party having the right may waive it by instituting an action to recover damages for the breach of the other party, since such an action is based upon an affirmance of the contract." (24 A. & E. Encycl. of L. 647.)

The plaintiff assumes that because of the settled doctrine that specific performance is not a matter of right, but always an equitable remedy the granting of which rests in the discretion of a court of equity, therefore a judgment for damages can not be awarded where specific performance is found impossible, unless the court, in its discretion and upon a consideration of the equities of the whole case, concludes that it is just and fair to grant such relief. He doubtless relies upon a principle which is stated in the following language:

"It is well settled . . . that a court of equity will not grant pecuniary compensation in lieu of performance, unless the case made out is one for equitable interposition and would entitle the plaintiff to performance *in specie* but for the intervening facts." (26 A. & E. Encycl. of L. 86.)

The doctrine, however, obviously has no application to an action for damages in a court of law. It is like many other rules governing the procedure in suits for specific performance which still obtain in equity courts, such for instance as the rule that where the plaintiff knows at the time he files the suit for specific performance that the contract can not be specifically performed or decreed he will not be allowed to recover compensation in the way of damages, for the reason that a court of equity would have no jurisdiction. As noted in 20 Encyc. of Pl. & Pr. 487, "these rules are abrogated by the code."

Suppose the situation were reversed and all the advantages of the trade had been on plaintiff's side. He sues to recover damages for defendant's breach of the contract. Would it have been a sufficient defense to the cause of action for defendant to have pleaded that he had made a bad bargain, that the Nebraska land was not worth as much as the apartment house? Clearly not.

"Although inadequacy of consideration in contracts for sale, either in the price or property sold, may be a ground of defence, yet the facility of contracting and the free exercise of the judgment and will of the parties require that, as a general rule, they should be sole judges as to the value of the benefits to be derived from their bargains. . . . And such is now the rule. 'For courts of equity, as well as courts of law, act

upon the ground that every person who is not from his peculiar condition and circumstances under disability, is entitled to dispose of his property in such manner and upon such terms as he chooses; and whether his bargains are wise and discreet, or profitable or unprofitable, or otherwise, are considerations not for courts of justice, but for the party himself to deliberate upon.' (Story's Eq. Juris., § 244.)" (Waterman on The Specific Performance of Contracts, § 179.)

In *Gulf Rld. Co. v. Comm'rs of Miami County*, 12 Kan. 482, it was said:

"Mere inadequacy of price affords no ground to set aside a contract of sale, unless it be of so gross a nature and given under such circumstances as to afford a necessary presumption of fraud or imposition." (Syl. ¶ 6.)

Trial courts frequently find it necessary to give judgments for damages for the breach of contracts which are harsh and inequitable, and this court is not permitted to reverse such judgments upon purely equitable considerations. The plaintiff can not claim that he has been impaled upon the technicalities of the law. It is not a technical rule that one who is a party to a contract and who sues to recover damages for its breach thereby affirms that the contract is valid and binding upon himself as well as the defendant. It is a substantive rule founded in the very nature, essence and reason of things—a rule which does not admit of exceptions for the purpose of allowing the plaintiff in such an action to change his foothold and, when met with a cross-demand of the other party based upon the theory that the contract is valid, then to assert that he is not bound by its terms.

In plaintiff's brief it is asserted that there is no allegation in the cross-petition, or evidence, or finding, to the effect that "plaintiff had disposed of his Nebraska land or in some other way put it beyond his power to comply with the contract." An allegation of that kind was neither necessary nor proper in view of the theory upon which the cross-petition was based, which was that defendant desired specific performance but if for any reason that relief could not be decreed he wanted his damages. Under the rules which prevailed before the adoption of codes, as already noted, an allegation showing that the complainant was aware of the fact that specific performance could not be decreed would have made the pleading subject to demurrer. The cross-petition follows a form approved in *Henry v. McKittrick*, 42 Kan. 485, 22 Pac. 576. The defendant

challenges the statement that there was no evidence showing that plaintiff. had disposed of his Nebraska lands, and the challenge is supported by filing here certified copies of deeds executed by plaintiff conveying the lands to a third party, which it appears were introduced in evidence though not mentioned in the abstract. This disposes of the contention that there was no evidence of the fact; and the judgment in defendant's favor includes a finding that plaintiff had placed it beyond his power to perform the contract.

The judgment must be affirmed.