HANSON v. CHICAGO B. & Q. R. R. CO.*
(No. 1072; February 3, 1925; 232 Pac. 1101)

Master & Servant—Railroad Employes Relief Assn.—By-Laws and Regulations Governing Membership.

1. A relief organization maintained by employés of railroad company by monthly wage deductions is a beneficial association, and member's rights are governed by terms of his contract of membership and constitution and by-laws of the organization.

2. A member of a railroad employés' relief association may ratify contract of membership, though procured through duress or undue influence; his suit on contract constituting ratification thereof.

3. The by-laws of a railroad employés' relief association must receive a reasonable construction.

4. Regulations of railroad employés' relief fund, providing for the hearing of appeals at stated meetings, *held* reasonable; the word "hearing" contemplating the right of the member to be present and to present both evidence and argument on his own behalf, and "stated meetings" meaning those held at regular intervals in accordance with a standing rule of the committee.

5. A regulation of railroad employés relief fund that appeal of member should be heard without notice at committee's next stated meeting, *held* not unreasonable, since the member by familiarizing himself with the rules of proceeding and the time of stated meetings is assured of opportunity to be heard.

6. Where the by-laws of a beneficial association fix no definite time for the hearing of appeals by members, it will be implied that the regulations contemplated the fixing of reasonable time.

7. Where the meaning of regulations of a beneficial association is doubtful, the usage and practice of the organization may be considered in ascertaining the true interpretation.

8. Under regulations of a beneficial association, as to appeals of members to its advisory committee, it will be presumed that it is the practice of the committee to hold meetings to consider appeals at such times and places as do not deny members a fair hearing.

9. That majority of advisory committee of railroad employés' relief fund are selected by railroad company, *held* not to make unreasonable a rule requiring appeals to such board, there being no presumption that the committee will act dishonestly or unfairly.

10. Regulation of railroad employés' relief fund requiring appeals to be taken to the advisory committee, *held* mandatory, and not merely permissive, so that member failing to take such appeal cannot sue at law for benefits under contract.

11. The regulations of a benefit association must be construed as an entirety.

12. That medical officers of railroad employés' relief fund did not agree as to member's disability, and that the superintendent adopted one of the divergent views, is not indicative of fraud relieving the member of the requirement for appeal to advisory committee, since proof of fraud must be clear and convincing.

APPEAL from District Court, Sheridan County; HARRY P. ILSLEY, Judge.

Action by Walter N. Hanson against the Chicago, Burlington & Quincy Railroad Company. There was a judgment for defendant, and plaintiff appeals:

*Metz, Sackett & Metz, Devaney & Edwards* and W. W. *Patterson* for appellant.

An injury inflicted by an assault is an accident within the meaning of the regulations of the Relief Department.

Friends v. Garrigus, (Ind.) 3 N. E. 818. One is disabled
if unable to earn the same income at other work as his rail-
road employment paid him; Keith v. Co., (Nebr.) 116 N.
W. 957; McClarence v. Assn., (R. I.) 103 Atl. 1; Penning-
ton v. Ins. Co., 85 Ia. 468; Neill v. Order, 28 N. Y. S. 928;
Indiana Co. v. Reed, (Ind.) 103 N. E. 77; Turner v. Co.,
(Mich.) 38 L. R. A. 529; Monahan v. Supreme Lodge, 88
Minn. 224; C. B. & Q. R. R. Co. v. Olsen, (Nebr.) 99 N. W.
847; a member is not required to exhaust the internal rem-
edies of the beneficiary assn., before invoking aid of Court,
19 R. C. L. 40, especially if the procedure is unreasonable;
Lindahl v. I. O. of F., (Minn.) 110 N. W. 358; Brown v. I. O.
of F., 175 N. Y. 132; Kane v. Knights, (Mo.) 87 S. W. 547;
Corregan v. Hay, 87 N. Y. S. 956, 5 C. J. 86. Here the ap-
peal would be decided by representatives of respondent;
a party should not be permitted to decide its own contro-
versy, 5 C. J. 16, Sp. Cl. v. Grove, (Ind.) 96 N. E. 159; Kelly
v. Lodge, (N. C.) 69 S. E. 764, 52 L. R. A. N. S. 823. The
appeal provisions are permissive and not mandatory. Sp. Cl.
v. Grove, supra; McMahon v. Supreme Tent, (Mo.) 52 S.
W. 384; Bauer v. Lodge, (Ind.) 1 N. E. 571. Voluntary Re-
lief Dept. v. Spencer, (Ind.) 46 N. E. 477; Brotherhood v.
Greaser, 108 Ill.; Sup. Lodge v. Andrews, (Ind.) 67 N. E.
1009. If appellant had taken the appeal to the advisory
committee, respondent would now contend that he was
bound by it; Nelson v. R. R. Co., (N. C.) 72 S. E. 829; Co.
v. Reger, (Ky.) 154 S. W. 412. Collection of Insurance
benefits is not a waiver of right to sue a railroad company.
R. R. Co. v. Wagner, 239 U. S. 452. A member of an or-
ganization is not bound by fraudulent decision of its offi-
cers, 5 C. J. 89; Waisner v. Waisner, 15 Wyo. 420; O'Neill
v. Gleaners, (Mich.) 142 N. W. 1052; Canfield v. Knights,
49 N. W. 875; VanPoucke v. Society, 29 N. W. 863; Fill-
more v. Knights of Columbus, 61 N. W. 785; Nelson v. R.
R. Co., (N. C.) 72 S. E. 998. An appeal to the committee
would have been useless, and for that reason it was un-
necessary. Vol. 3 Am. & Eng. Am. Cases 216; Brown v.

I. O. of F., 68 N. E. 145.   The Court erred in directing a verdict for defendant.

*Goddard & Clark* and *C. A. Kutcher* for respondent.

Appellant's membership was voluntary, and he was bound by the regulations of the Assn.; provisions for appeal to the committee were reasonable.   Cases cited by respondent to the contrary did not support his contention. The presumption is that the committee would have acted fairly and justly.   Fillmore v. Great Camp, (Mich.) 61 N. W. 785; Sp. Cl. v. Forsinger, (Ind.) 25 N. E. 120; Penn. Co. v. Keager, 52 L. R. A. (N. S.) 841.   The appeal provision is mandatory as a condition precedent to a suit.   Relief Dept. v. Spencer, (Ind.) 46 N. E. 477; Co. v. Stankard, 46 N. E. 577; Mod. Woodman v. Taylor, (Kans.) 71 Pac. 806; Brotherhood v. Greaser, 108 Ill. App. 598, 29 Cyc. 204; 19 R. C. L. 1226.   Fraud is never presumed, but must be clearly proven; Kahn v. Ins. Co., 4 Wyo. 419; Patterson v. Hwd. Co., 4 Wyo. 401.   The decision of the committee would have been conclusive.   Nelson v. Ry. Co., (N. C.) 72 S. E. 998, Supra.   52 L. R. A. (N. S.) 829, supra.

RINER, District Judge.

This is an action to recover benefits which appellant, Walter Hanson, hereinafter referred to as the plaintiff, alleges he is entitled to under the rules and regulations of the Relief Department of the respondent, Chicago, Burlington & Quincy Railroad Company, hereinafter mentioned as the defendant.   The purpose of the Department was to establish and manage a relief fund for the payment of definite amounts to employes of defendant contributing thereto when under the regulations of the Department they were entitled to such payments by reason of disability, or in the event of their death, to relatives or beneficiaries.   The Department is under the management of a superintendent, subject, however, to the final control of an advisory committee.   This committee is composed of six

members elected by the employes from among their own number, six members selected by the board of directors of the Chicago, Burlington & Quincy Railroad Company, and its general manager is ex-officio a member and chairman of the committee. The superintendent is not a member of the committee. The fund out of which the benefits are paid is derived from the wages of the several members of the department, each member agreeing in his membership application that a certain portion of the wages earned by him shall be applied to the formation of such fund. The Chicago, Burlington & Quincy Railroad Company holds uninvested monies and securities of the relief fund in trust, pays interest to it on monthly balances, supplies the necessary facilities for conducting the business of the department, and pays all the operating expenses thereof.

On September 14th, 1908, on his way home at night the plaintiff, a locomotive engineer of the defendant and a member of the relief department, was assaulted and suffered an injury to his eyes. He received attention from the department's medical representative, the latter reporting at the time that the course and termination of the trouble would be one or two weeks. Plaintiff returned to work and for a period of nine years continued to discharge his duties as engineer. In the latter part of the year 1917 he complained of an impaired vision in his left eye, and made claim to the relief department for accident benefits, alleging that he was physically unable to work because of this defect which had come as a relapse of the old injury already mentioned. A number of examinations of plaintiff's eyes were made and reported by various eye specialists, including also the medical advisers of the department, to its superintendent. Under date of June 25th, 1918, the latter. announced his decision by letter to plaintiff as follows:

"In the matter of your second examination in Chicago last week by Dr. Francis Lane: We today received re-

port from Dr. Lane, dated 24th instant, addressed to Dr. Moss, and as promised I enclose herewith copy of Dr. Lane's report. You will note that Dr. Lane gives as his opinion that the changes in the left eye are not the result of·the injury that you told him you had received some years before.

In view of Dr. Lane's report and all our other reports and the opinions of our own medical officers, I cannot do otherwise than uphold the classification of your case as one of sickness, and can only pay you sick benefits. As I verbally stated to you in Chicago last week, if you are not satisfied with my decision you have, under your contract of·membership in the Relief Department, the right of appeal to the Advisory Committee.''

· · To this communication on July 12th, following, the plaintiff replied:

''I have received your letter of June 25th. And I am not satisfied with your decision, In trying to class my case as sickness, When under my contract of membership in the Relief Department, and the statements of the different doctors, I am entitled to accident benefits. I note what you say about the advisory committee. This will not be considered by me, As it would only be time wasted.

Now, Mr. Redfern, I have done everything possible that this case might be settled without trouble, But if you will not class my case as accident, and pay me the benefits due me without further delay, I will be compelled to take court action to collect my just dues.''

No appeal was ever taken by the plaintiff from this decision of the superintendent to the Advisory Committee of the Department, and thereafter this action in the District Court of Sheridan County, Wyoming, was instituted. As one of its defenses defendant pleaded the rules and regulations of the Department and the failure of plaintiff to

exhaust his remedies in the organization before invoking proceedings in court. Trial was had before a jury and at the conclusion of plaintiff's case in chief, defendant's motion for a directed verdict based upon the defense mentioned was sustained, and a verdict for the defendant was accordingly returned. Judgment was entered thereon and by appeal the cause is here for review.

Whether the action of the trial court was correct in thus instructing a verdict for the defendant is the controlling question presented by this record. Its determination rests necessarily upon the law governing relief organizations of this character and the effect to be given their by-laws or rules and regulations. Such relief organizations are held to be beneficial associations. See Donald v. Chicago, etc. Co., 93 Iowa 284, 61 N. W. 971, 33 L. R. A. 492; State v. Pittsburgh, etc., Co., 68 Ohio St. 9, 67 N. E. 93, 64 L. R. A. 405, 96 Am. St. Rep. 635. It is familiar law that:

"The rights of a member of a benevolent and beneficial association are governed in each particular instance by the terms of his contract of membership as set forth in his application for admission, in his certificate of membership and in the charter, constitution and by-laws of the association, together with such amendments thereto as may be lawfully enacted and can be changed only by and with the consent of both parties." 19 R. C. L. 1265, Sec. 68, and cases cited."

A copy of the regulations of the Relief Department here involved were, by counsel, stipulated in evidence, and it was agreed also that the form of application for membership contained therein was duly signed by the plaintiff for the purpose of becoming a member, and that the application was accepted and approved by the superintendent of said department. By this application plaintiff stated, among other things, that:

"I * * * now employed by the Chicago, Burlington & Quincy Railroad Company, do hereby apply for membership in the relief fund of the Relief Department of said company, and consent and agree to be bound by the regulations of said Relief Department, which regulations I have read or have had read to me."

That:

"I also agree that this application, upon approval by the superintendent of the Relief Department, shall make me a member of the relief fund, on and from the date specified in such approval, and constitute a contract between myself and the said Company;"

And that:

"I also agree for myself and those claiming through me to be especially bound by the regulation providing for final and conclusive settlement of all claims for benefits or controversies of whatsoever nature by reference to the superintendent of the relief department, and an appeal from his decision to the Advisory Committee."

Among the regulations of the Department appear the following:

"The Committee shall have general supervision of the operations of the Department and see that they are conducted in accordance with the Regulations.

The Committee shall hold stated meetings once in three months, at such time and place as they shall determine, and shall meet at other times at the call of the Chairman.

It shall be the duty of the Chairman to call special meetings of the Committee upon the written request of three of its members."

"Whenever used in these Regulations the word 'disability' shall be held to mean physical inability to work, by reason of sickness or accidental injury, and the word 'disabled' shall apply to members thus physically unable to work. The decision as to when members are disabled and when they are able to work, shall rest with the medical officers of the Department."

"The decision as to whether disability at any time shall be classed as due to sickness or due to accident, and as to whether any disability shall be considered a relapse or an original disability shall rest with the medical officers of the Department."

"In case of injury to a member he may elect to accept the benefits in pursuance of these regulations, or to prosecute such claims as he may have at law against the Company or any Company associated therewith in the administration of their Relief Department."

"All questions or controversies of whatsoever character arising in any manner, or between any parties or persons in connection with the Relief Department or the operation thereof, whether as to any claim for benefits preferred by any member or his legal representative or his beneficiary or any other person, or whether as to the construction of language or meaning of the Regulations, or as to any writing, decision, instruction or acts in connection with the operation of the Department, shall be submitted within sixty days of the time of the decision from which an appeal is taken, to the determination of the Superintendent, whose decision shall be final and conclusive thereof, unless an appeal from such decision shall be taken to the Committee within thirty days after notice of such decision to the parties interested."

"When an appeal is taken to the Committee it shall be heard by said Committee without further notice at their

next stated meeting, or at such future meeting or time as they may designate, and shall be determined by vote of the majority of a quorum, or of any other number not less than a quorum of the members present at such meeting, and the decision arrived at thereon by the Committee shall be final and conclusive upon all parties without exception or appeal.''

The regulations provide one scale of payment to be made by the Department for accident benefits, and another for sick benefits.

It is apparent, therefore, that the contentions of the respective parties should be viewed bearing in mind always that the rights under consideration are contract rights, and that this is an action thereon. It is suggested by plaintiff that the record establishes that the members of the Relief Department did not enter it voluntarily and that accordingly he is not bound by any of its regulations as to seeking relief within the organization. The regulations by which he, through his application, expressly agreed to be bound—and which are a part of his evidence —declare that:

''No employe shall be required to become a member of the Relief Fund.''

And permit a withdrawal from membership at the end of any month upon his giving notice upon blanks available upon request. It is to be noticed, too, that plaintiff did proceed along the lines of his contract and obtained both the judgment of the medical officers of the Department and the superintendent, but declined to lay his case before the supreme authority of the Department, viz: the Advisory Committee.

This is not an action where the contract itself is sought to be disavowed but is directly founded thereon through those clauses of the regulations providing for accident

benefits to members of the Relief Fund.   In view of this
fact it is difficult to see how plaintiff can claim his con-
tract to have been procured through alleged duress or
undue influence, and at the same time insist upon a re-
covery thereon, and we think such a position untenable.
It is hardly necessary to cite authorities on the point that
even conceding duress or undue influence exists a contract
effected thereby may be ratified by the party whose con-
sent was not free, but the following may be mentioned:
13 C. J. 611, Secs. 654, 655; Connelly v. Bouck, 174 Fed.,
312 98 C. C. A. 184 (C. C. A. 8th Cir.) ; Kline v. Kline, 14
Ariz. 369, 128 Pac. 805; Miller v. Davis, 52 Colo. 485, 122
Pac. 793; Miller v. Minor Lumber Co., 98 Mich. 163, 57 N.
W. 101; 39 Am. St. Rep. 524; Bartle v. Breniger, 37 Ia.
139.

One of the well-known methods of ratification of a con-
tract is by bringing suit thereon.   Stramel v. Hawes, 97
Kans. 120, 154 Pac. 232.

The contention is made that the regulations of the Re-
lief Department relative to an appeal to the Advisory
Committee are unreasonable in that they do not require
the Committee ever to hear an appeal; and because they
allow them to hear it at such place as would impose hard-
ship on appellant without notice to the latter or oppor-
tunity to be heard.   Hence it is said plaintiff was under
no duty to take such an appeal.   Cases are cited where
by-laws of associations making it impossible to hear the
appeal for a period of years, or in a foreign country, were
declared not binding upon members.   No case, however,
has been called to our attention, nor have we been able
to find any, which holds that provisions for appeal, such
as are now before us, are unreasonable.   Conceding—
though there is authority to the contrary—that the by-
laws of a benefit association must be reasonable, it is
certainly true they must in all cases receive a reasonable
construction.   19 R. C. L. 1196, Sec. 16.

In the case at bar, as we have seen, the regulations provide that an appeal "shall be *heard* by said committee without further notice at their next stated meeting, or such future meeting or time as they may designate." "Stated meetings" are required to be held "once in three months at such time and place" as the committee "shall determine," and also meetings may be had through the call of the chairman who must call a meeting on the written request of three members. Inasmuch as it is plain that a hearing of the appeal must be had, it is proper to inquire just what this implies. The decided cases answer this question with reasonable clearness. In State v. Milhollan, (N. D.) 195 N. W. 292, at 295, it is said:

"The word 'hearing' contemplates an opportunity to be heard. That is, not merely the privilege to be present when the matter is being considered, but the right to present one's contentions and to support the same by proof and argument."

In Hosmer v. State, (Okl. Cr. App.) 218 Pac. 164, in discussing the meaning of the word "hearing," the Court said:

"A 'hearing' is defined by Bouvier, 1429, as: 'The examination of a prisoner charged with a crime or misdemeanor and of the witnesses for the accused.' A 'hearing' before a United States Commissioner is defined as: 'An examination of a prisoner and of the witnesses for the prosecution and the defense.' See Words & Phrases, First Series, vol. 4, p. 3238. In Legal parlance the word 'hearing' usually denotes an investigation by the introduction of proof or the testimony of witnesses. Words and Phrases, Second Series, vol. 2, p. 832."

In Denver v. State etc. Co., 49 Colo. 249, 112 Pac. 789, 33 L. R. A. (N. S.) 395, this language was used in the opinion of the Court:

"The very essence of a hearing, however, is the right, not simply the privilege, 'to support one's contention or position by argument, however brief, and if need be by proof, however informal' before a tribunal authorized to act and willing and ready to do so. Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289."

See also: West Chicago Park Com'rs. v. Riddle, 151 Ill. App. 487; State v. Seehorn, 283 Mo. 508, 223 S. W. 664.

Construing the regulation in question in the light of these definitions, undoubtedly an appellant's rights would be sufficiently safeguarded by it. It is certain he would have the right to be present and present both evidence and argument on his behalf. This right carries with it reasonable notice to be given of the hearing and at a reasonably accessible place—otherwise the right could not exist. The rule says the appeal shall be heard "without further notice" at the committee's next stated meeting. "Stated meetings" must be held "once in three months," and we cannot agree with the argument that this would be satisfied by just one meeting for all time. The word "meetings" is used in the plural and the reasonable intendment of the phrase is the holding of a meeting once every three months. In Zulich v. Bowman, 42 Pa. 96 Wright 83, at 87, the Court in considering the meaning of "stated meetings" referred to Webster's Dictionary, and says:

"His definition is—'settled, established, regular; occurring at regular times, not occasional, as stated hours of business; fixed, established, as a stated salary.' "

Thus it would appear that a stated meeting is one held at regular intervals in accordance with a standing rule of the committee. As the appealing party is advised his matter will be heard at the next stated meeting no further notice for that meeting would generally be needed, as it would be merely a matter of familiarizing himself with

the rules of procedure before the committee, which is not an unreasonable requirement. As to other meetings of the committee notice of time or place might or might not be necessary as the situation required. Every lawyer is familiar with the rule that when no time for performance is fixed in a contract it is not, for that reason, invalidated, but a reasonable time is held to be the governing principle. We can conceive no reason why that should not be the rule even where a by-law fixes no time for the hearing of an appeal, but does provide for a hearing. Again, if it be assumed the meaning of the regulation in question is doubtful, the usage and practice of the organization may be looked to to ascertain the sense in which it was understood and its true interpretation. 19 R. C. L. 1197, Sec. 16; State ex rel. Atty Gen. v. Conklin, 34 Wis. 21; 14 C. J. 350, Sec. 439.

In Frick v. Norfolk, etc., Co., 86 Fed. 725, at 729, 32 C. C. A. 31, 34, the United States Circuit Court of Appeals for the Fourth Circuit, said:

"The charter of the railroad companies failing to designate the place of the chief office, and no place being designated by vote of the stockholders or resolution of the directors, the place of the chief office can be implied and established from the acts of the stockholders and directors. The place of the principal office of the corporation is where its stockholders and directors usually meet, where it elects its officers and conducts its financial operations."

There is no proof in the record before us that it has been the practice of the Advisory Committee to hold their meetings to consider appeals in such a way or at such a place or without such notice as to deny an appellant the fair hearing we have indicated the regulations appear to contemplate. We cannot infer such action on the part of the committee. Indeed the presumption is to the contrary. Plaintiff makes no complaint of the hearing accorded him

by the superintendent, so far as notice, place of hearing, opportunity to present evidence, or to be heard, are concerned. Yet the regulations relative to the superintendent's action in terms does not undertake to cover all these matters.

It is said that because the regulations provide the appeal from the superintendent shall be heard by an Advisory Committee which is composed of thirteen members, six of whom are selected by the members of the Relief Fund and the balance by the Company, an unfair decision will result, and hence the rule is unreasonable. But the regulations provide the appeal shall be determined "by vote of the majority of a quorum or of any other number not less than a quorum of the members present at such meeting." Under this arrangement the decision on an appeal could as well be controlled by representatives selected by the members of the Relief Fund themselves as by those selected by the company. Why the committee as thus constituted would not give an appeal an impartial hearing is not clear. The superintendent whose decision is appealed from is not a member of the committee, though acting as its secretary. The funds involved do not belong to the company, but to the Relief Fund for the benefit of its members. This court has recently said in Lusk, etc., Co. v. Güinther, Receiver, 232 Pac. 518, that:

"The presumption is that men act honestly."

To the same effect see Supreme Council v. Forsinger, 125 Ind. 52, 25 N. E. 129; 9 L. R. A. 501, 21 Am. St. Rep. 196; Fillmore v. Great Camp, 103 Mich. 437, 61 N. W. 785; Penna. Co. v. Reager, Adm'r 152 Ky. 824, 154 S. W. 412, 52 L. R. A. (N. S.). 841, Ann. Cas. 1915 B, 312.

It is urged that the provisions of the regulation above quoted as to appeal to the Advisory Committee are merely permissive. The weight of authority would seem to be against this contention. In the Forsinger case, supra, one of the leading cases on the point now under discussion, con-

struing language quite similar in many respects with that
here involved, the Supreme Court of Indiana says:

"It is well settled that the decisions of arbitrators, en-
gineers, architects or others named in a contract as persons
to whom controversies may be referred, are deemed to be
prima facie right, and it is nothing more than an application
of an old principle to a new instance to hold that where the
contract of a member with a mutual benefit society pro-
vides that designated officers shall pass upon the validity
of his claim, that their decision shall be deemed prima facie
valid. Even if the decision is merely prima facie right, the
only mode of first questioning it must, upon principle and
authority, be that provided by the contract. Until the
claimant has done what his contract requires, or has shown
some valid excuse for not doing it, he cannot have any
standing in court. It is going quite as far as authority or
principle will justify to hold that, although the parties have
contracted that the decision of designated persons shall be
final, the decision can only be deemed prima facie correct,
and we cannot go further and hold that, although a party
refuses to appeal to the governing body of an association
of which he is a member, he may, notwithstanding the
provisions of his contract declaring the decisions of such
officers final unless appealed from, bring an action against
the association. It is certainly imposing no hardship upon
the member to require him to pursue the mode pointed out
by his contract."

While the Court in Relief Department v. Spencer, 17
Ind. App. 123, 46 N. E. 477, held part of this same regula-
tion as to appeal permissive merely, later decisions of the
Court of last resort of that State appear to reaffirm the
rule announced in the Forsinger case. In Supreme Council
v. Grove, 176 Ind. 356, 96 N. E. 159, 36 L. R. A. (N. S.)
913, the Court declares:

"The cases agree substantially that where, in a fraternal association, a method of procedure is provided for determining controversies, the procedure must be followed as a condition precedent to an appeal to the courts, and this is the rule in this State. Supreme Council O. C. F. v. Forsinger, 125 Ind. 52, 9 L. R. A. 501, 21 Am. St. Rep. 196, 25 N. E. 129; Supreme Council O. C. F. v. Garrigus, 104 Ind. 133, 54 Am. St. Rep. 298, 3 N. E. 818."

In Baltimore, etc. Co. v. Miles, 184 Ind. 719, 112 N. E. 524, where the Relief Organization was conducted in violation of a statute of the State, it was held that a member could recover in an action in court deductions from his wages pursuant to by-laws of the organization, and the Court said:

"In this case, however, a further question is presented through a plea in abatement filed by appellant in which it takes the position that appellee should first have submitted his claim to appellant's superintendent, and then, in the event of an adverse decision, should have appealed to the operating committee pursuant to certain rules of the relief department before taking the matter into court. Supreme Council, etc., v. Forsinger, 125 Ind. 52, 57, 25 N. E. 129, 9 L. R. A. 501, 21 Am. St. Rep. 196. The principle relied on by appellant would be applicable to a claim for benefits arising under the rules of a legal relief association, but does not serve to abate an action the effect of which is to challenge the validity of the entire institution."

In Robinson v. Templar Lodge, 117 Calif. 370, 49 Pac. 170, 59 Am. St. Rep. 193 the provision of the by-laws under consideration was:

"That the member will submit his claim to the lodge, which, by its appointed tribunals, will consider and act upon the same; that the member, feeling aggrieved, may appeal to the Grand Lodge and to the Sovereign Grand Lodge, and the conclusion reached in the order through

the proceeding thus inaugurated shall be final and conclusive.''

And the Court said:

''But, even if this view were not correct, there can be no doubt of the proposition that, he must first exhaust all the remedies afforded within the order before he can maintain an action at law. No such fact is averred in the complaint, and, as I understand the record, although previous applications had been made for benefits which had accrued before the time during which the benefits here sued for accrued, there is no evidence which tended to show that any application at all had been made to the lodge for the amounts here sued for. The authorities all seem to hold that this resource must be first exhausted. They are too numerous to admit of a full citation.''

In King v. Wynema Council, etc. 2 Boyce (Del.) 255, 78 Atl. 845, the court in adhering to the doctrine of the Forsinger case, and asserting it to be ''supported by the large majority of well-considered cases upon the subject,'' said:

''It is impossible to tell from the report of the Lodge case whether the language of the law providing for an appeal was mandatory or not; that is, whether it was, that the party aggrieved 'shall' appeal, or 'may' appeal. And in our judgment it makes no difference if it was further provided that the decision of the society should be final and conclusive, as in the case before us.

Manifestly, it is not possible to make a dissatisfied member appeal. At the most he can only be given the right to appeal, and, if having such right, he refuses or fails to exercise it, after the association has given him proper notice, and performed such other duties as its laws require, he cannot maintain an action in court against the association upon the contract, provided he has agreed that the decision of the association shall be final and conclusive.

The agreement that such decision shall be final and conclusive necessarily makes an appeal mandatory and obligatory, if the dissatisfied member proposes to contest the action of the council, or does not intend to abide by its determination of the matter in dispute.''

In Cotter v. Grand Lodge, 23 Mont. 82; 57 Pac. 650, the following language is used:

''An extended and critical examination of the reported adjudications justifies us in making the assertion that the substantial unanimity of opinion, based upon correct principles, upholds such provisions as valid and enforceable so far as they require, as a condition precedent to the bringing of an action, an exhaustion of the prescribed remedies within the order. Out of a multitude of decisions supporting this view, we cite:—'' Citing many cases.

See also: Weigand v. Fraternities, etc., Order 97 Md. 443; 55 A. 530; Modern Woodmen of America v. Taylor, 67 Kans. 368, 71 Pac. 807; McMahon v. Supreme Council, 54 Mo. App. 468, 19 R. C. L. 1226, Sec. 39, and cases cited.

As supporting plaintiff's view that the appeal to the Advisory Committee is permissive merely, reference is made to that portion of the regulations which provide, that ''in case of injury to a member'' he may ''elect to accept the benefits'' under the regulations or ''to prosecute such claims as he may have at law against the company.'' We are unable to see how, in the instant case, this changes the rule. Plaintiff has elected and is seeking to enforce claimed benefits pursuant to his contract. The trouble is he has disregarded a binding provision of that contract.

It is insisted inasmuch as the regulations provide that the decision ''whether any disability can be considered a relapse or original disability shall rest with the medical officers'' that their decision is final so far as the organization is concerned, and hence no appeal is necessary. But all the regulations must be considered as an entirety and the position

just outlined would disregard their plain wording as to appeal to the superintendent and to the Advisory Committee where additional evidence can be furnished and considered. Clearly the meaning of the provision is that question of that sort shall be first submitted to them, i. e., the medical officers—and the rule is certainly a proper one. It is equally proper that the final decision in the Department should rest with the supervising officer, the superintendent, and the highest authority therein, the Advisory Committee. The medical officers of the Department presented reports containing their conclusions to the superintendent and he acted thereon, as is shown by his letter above quoted. We are unable to see in the record any fraudulent action on either his part or the part of the medical officers who made these reports. The fact that the medical reports, official and otherwise, did not agree is not decisive of the question here. The superintendent adopted one of two divergent views but because the one selected was against plaintiff's claim it does not follow that a fraudulent course of conduct is established. "The proof" of fraud, said this court in Kahn v. Traders Ins. Co., 4 Wyo. 419, at 476, 34 P. 1059, 1077 (62 Am. St. Rep. 47) "must be clear and sufficient to satisfy the mind and conscience" of its existence. And in Patterson v. Lee-Clarke-Andreesen Co., 7 Wyo. 401, at 415, 52 Pac. 1085, 1090 it was remarked that:

"The law does not allow us to impute fraud to any party when the facts and circumstances out of which it is supposed to arise may well consist with honesty and purity of intention."

After a careful and painstaking examination of all the points and authorities raised and discussed by the able counsel for both parties we entertain the view that the action of the trial court in directing a verdict for the defendant was proper, and that its judgment should be affirmed.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.